## GIROD v. BARBE.
### No. 1293.

Court of Appeal of Louisiana. First Circuit.
March 6, 1934.

C. S. Girod, Jr., of Lake Charles, for appellant.

J. A. Williams, of Lake Charles, for appellee.

MOUTON, Judge.

This suit is brought by Clinton Girod, as trustee of Lionel Goudeau, bankrupt, to recover from defendant, Paul J. Barbe, the sum, of $1,350 with legal interest thereon from December 5, 1913.

In bar to the claim of the trustee, defendant pleads the prescriptions of three, five, and ten years.

The plea of prescription of ten years, which presents the vital issue herein, was maintained below, dismissing the plaintiff's suit. Plaintiff appeals.

In 1913, Lionel A. Goudeau, bankrupt, was in need of money to prevent a criminal prosecution against him for embezzlement. He was, at that time, the husband of Henrietta Barbe, the sister of defendant, hence, his brother-in-law. The claims against plaintiff amounted to about $1,800. These claims, amounting to that sum, were paid by Judge Alfred M. Barbe, brother of Mrs. Lionel A. Goudeau, to whom Mrs. Goudeau sold some real estate in payment of that sum which had been borrowed by Judge Barbe from his brother, Paul J. Barbe, defendant in this suit.

Lionel A. Goudeau, bankrupt, testifies, that in October, 1913, he offered $1,350 to Judge Alfred Barbe to repay in part the sum of $1,650 or approximately that amount which Judge Barbe had advanced to his wife for the payment of the claims against him. He says he was told by Judge Barbe, when he made this offer of part payment, that the money had been advanced to him by his brother, Paul J. Barbe, defendant; that acting on this information which he believed to be true, he then gave this amount of $1,350 to defendant stating to him that it was in part repayment of the loan which had been made to Mrs. Goudeau. He testifies that defendant accepted the amount and led him to believe that the money advanced by him to Judge Barbe was still due to him.

In a suit subsequently filed which involved the title of the property which had been deeded by Mrs. Lionel A. Goudeau to Judge Barbe, as before explained, the court held that the ownership was in Judge Barbe, as the fact that he had borrowed the money from defendant did not affect the question of transfer of title.

This sum of $1,350 was turned over to defendant, Paul J. Barbe, in 1913, against the recovery of which the prescription of ten years is interposed.

Under article 3544, Civil Code, the rule is that: "In general, all personal actions * * * are prescribed by ten years."

C. C. art. 2304 reads, as follows:

"A thing not due is that which is paid on the supposition of an obligation which did not exist, or from which a person has been released."

Article 2302 says:

"He who has paid through mistake, believing himself a debtor, may reclaim what he has paid."

And article 2301 reads:

"He who receives what is not due to him, whether he receives it through error or knowingly, obliges himself to restore it to him from whom he has unduly received it."

█ It is clear, under the provisions of the above-cited articles of the Code, that if Lionel A. Goudeau paid this sum of $1,350 to defendant thinking he owed the debt, and by mistake, the law gave him a right of action against defendant, if it was not due him, whether he received the amount in error or knowingly.

█ The question presented is as to whether or not, under the facts of this case, this action filed by the trustee in bankruptcy is barred by the ten-year prescription urged by defendant. '

In the case of Hyman v. Hibernia Bank & Trust Company et al., 139 La. page 411, 71 So. 598, where the court delivered an elaborate opinion on the causes which effect a suspension of prescription, it said in the syllabus, that one "who by some act succeeds in concealing from a creditor his cause of action cannot be allowed to reap the benefit of his own wrong."

After citing a number of decisions of this state in support of that principle, the court quotes from Decennial Digest, Limitations, ☞104, as follows:

"Concealment and fraud constitute an implied exception to the statute of limitations, and a party who wrongfully conceals material facts, and thereby prevents a discovery of his wrong, or the fact that a cause of action has accrued against him, is not allowed to take advantage of his wrong by setting up the statute."

Likewise, we find the following quotation from 25 Cyc. 1213, that:

"When a party against whom a cause of action exists in favor of another by fraud or concealment prevents such other from obtaining knowledge thereof, the statute of limitations will commence to run only from the time the cause of action is discovered, or might have been discovered."

Goudeau testifies that he did not know' that the money which had been advanced by defendant to Judge Barbe for the payment of the claims against him had been repaid or refunded by Judge Barbe to defendant. If he had known that Paul J. Barbe, defendant, had been refunded the amount advanced by him to Judge Barbe, that had been used for his benefit and which obviously he was attempting to pay in part, he would not have offered the payment thereon of $1,350 to defendant. It is not reasonable to believe that he would, as defendant had already been repaid and the amount turned over by Goudeau to defendant effected two payments on the same debt.

In 1931 a suit was filed by Lionel A. Goudeau against Henrietta E. Roach, then the divorced wife of Goudeau who had remarried.

The defendant, Paul J. Barbe, testified in that case and said that about six months after he had advanced $1,800 to Alfred M. Barbe, Goudeau turned over to him $1,350; that the balance between him and Alfred M. Barbe had long been settled; that thereafter, Goudeau or Mrs. Goudeau remained in debt to Alfred Barbe for the difference between $1,350 and $1,800, hence for a balance of $450.

The record shows, as far as we have found, that Alfred Barbe had paid approximately $1,650 in settlement of the claims then existing against Lionel A. Goudeau. However that may be, the evidence given by defendant, in the case above referred to, shows that in 1913 he had been paid in full when he accepted these $1,350 from Goudeau, for a loan which had been fully satisfied.

Goudeau testifies that defendant accepted this money and never told him that he had been paid by Alfred Barbe. It is to us almost impossible to believe that Goudeau would have turned this sum over to defendant had he known that he was making a payment on a claim which had been previously settled and which would have left him in debt for the sum of $450, or less, to Alfred Barbe for part of the $1,650 or $1,800, which had been applied to his debts due to various creditors. Had he known the true facts or situation, these $1,350, doubtless, would have been turned over to Alfred Barbe, to whom defendant says a balance remained due by Goudeau to Alfred Barbe.

Lionel A. Goudeau testifies in this case that he first found out that defendant had been refunded by Alfred Barbe for the money he had loaned, when defendant herein testified to that fact in the case of Goudeau against Mrs. Henrietta Roach.

This was in 1931, and about two years thereafter, at a request from Goudeau, this claim of $1,350 was placed as an asset in his bankruptcy estate, for which this suit was brought against defendant.

Judge Alfred Barbe and his brother, defendant, both testified in this case on this defense of ten years' prescription.

Judge Barbe was asked when this amount

was paid defendant, if Goudeau had the "opportunity to know fully the situation within the family, as to the amount that had been advanced Mrs. Goudeau."

He answered that "he knew all about it."

It does not appear from this question and answer that Goudeau knew when he paid these $1,350 to defendant that he knew defendant had been paid for the money he had advanced to Judge Barbe prior to the payment made by Goudeau.

Judge Barbe was further asked: "Did you tell him or Mrs. Goudeau at that time that Paul Barbe had paid you back the money you forwarded to him?"

That part of the question, "that Paul Barbe had paid you back the money you forwarded to him," is simply unintelligible, as the record does not show that Paul Barbe had forwarded any money to Judge Barbe in connection with this transaction or any other.

The answer of Judge Barbe to the last quoted question is: "I don't know whether I told him that in so many words, but he knew all about the transaction, whatever it was. I think that he did know that."

This answer that he knew all about the transaction, whatever it was, and that the witness thought he did know that, does not show what transaction he was referring to and is not a denial that Judge Barbe told Goudeau, as testified to by him, that he offered the $1,350 to Judge Barbe in 1913; that he was told by him that the amount was then due to defendant, nor is this answer to the effect that when Goudeau made the part payment he was aware of the fact that defendant had been refunded the sum he had advanced.

The following question was propounded to defendant, Paul J. Barbe, who was testifying in reference to Goudeau.

"Q. In 1913, when he paid you, I will ask you if he understood the situation in the family? A. Absolutely, he knew the full circumstances. He knew what the money was for, who it was paid to, what securities and all about it."

No doubt, Goudeau knew what the money advanced "was for," to whom it was paid and the securities which had been given to answer for the funds used in his behalf. Nowhere in his testimony does he deny what is conveyed in the answer of defendant to the question above reproduced. What he did not know, Goudeau repeatedly testifies in his testimony taken by commission is, that he did not know and totally ignored the fact that

defendant, Paul J. Barbe, had been paid in full by Judge Barbe when he turned over these $1,350 to defendant in 1913, in part payment of a debt which had been previously settled by payment. Goudeau testifies directly and positively that when he made this payment to defendant, he was in ignorance of the fact that defendant had been repaid for his advances. Such a statement, charging fraud and concealment, to be controverted called for testimony on the part of Judge Barbe and defendant, that he was then aware that this money had then been refunded to defendant or that by the exercise of due diligence he could have discovered the existence of that fact. There is no evidence of that character to be gathered from the testimony of these two witnesses. The only evidence of these witnesses is given in a general way to the effect that Goudeau knew all about what had transpired in the family circle. It would be an assumption on the part of the court to conclude that from these indefinite and general references to the transaction, that proof was made that Goudeau knew when he made the payment that defendant had been previously paid.

The testimony of Goudeau that he ignored that defendant had been paid when he gave him the $1,350, is not contradicted nor is his statement, that he first learned that defendant had been refunded his money was when he testified to that effect in the case of Lionel Goudeau v. Mrs. Roach. This was in 1931, and this suit was brought by his trustee in 1933. It was therefore at that time that the true situation was revealed to him and that he discovered that he had a cause of action for the recovery of this sum of $1,350 he had paid in 1913, by mistake, to defendant.

Obviously, the defendant knew at that time that he had been repaid and that there was no money due him for the advances he had made to Judge Barbe for Goudeau's benefit. His duty then was to tell Goudeau he had been paid and, in failing to make that statement, it was concealment on his part. In paying this amount to defendant by mistake, a cause of action arose in favor of Goudeau for its recovery. By concealing the material fact that he had been paid, defendant prevented a discovery of his wrong "or the fact that a cause of action had accrued against him." When a party by such concealment or fraud prevents the creditor from obtaining knowledge of his cause of action, he cannot take advantage of his wrong by setting up the statute of limitation. In such a

case the statute of limitation begins "to run only from the time the cause of action is discovered, or might have been discovered, by the exercise of diligence."

The foregoing principle embodies the ruling of the court in Hyman v. Hibernia Bank, 139 La. 411, 71 So. 598, above cited.

To the same effect are the decisions in the following cases: Reardon v. Dickinson, 156 La. 556, 100 So. 715; Bernstein v. Commercial National Bank, 161 La. 38, 108 So. 117.

As defendant and Judge Barbe, when Goudeau made this payment in 1913, failed to disclose to him that the money had been refunded, it is not at all likely that this information had been imparted to any one else from whom Goudeau could have obtained knowledge of that fact; and there is nothing to indicate that he could have obtained this information by the exercise of any amount of diligence. He cannot therefore be denied his right to a suspension of prescription for lack of vigilance or diligence in the prosecution of his rights.

Counsel for defendant refers to the familiar principle which says, that on questions of fact the judgment of the trial court should not be reversed except for manifest error.

In the opinion rendered by the district judge, he refers to the fact that the deed from Mrs. Goudeau to Judge Barbe was an outright sale of which Goudeau always had the information. In concluding the opinion, the court says:

"As the Court has found in this case that Goudeau always knew that the sale from Mrs. Goudeau to Alfred M. Barbe was an out and out sale with no obligation on the part of Alfred M. Barbe to re-convey, it must be held that no reason exists for holding that prescription has not run in this case."

This suit is for the recovery of $1,350 paid by mistake. We find no attempt by the trustee in these proceedings to set aside the title to the land transferred by Mrs. Goudeau to Alfred M. Barbe or to claim that it should be reconveyed.

The sole question is as to whether the claim asserted by the trustee has been prescribed by the lapse of ten years, and which we have fully discussed in this opinion.

As we understand the opinion of our learned brother of the district court, he has not, in his opinion, passed on the fact to which we have referred, that had the effect of suspending prescription and upon which our conclusions are grounded; hence, the district judge could not have fallen into manifest error on facts which we consider of vital importance and upon which the lower court has not passed. If, however, the opinion below passes on such facts, our conclusion is that the court is in error and that the plea of prescription should not have been maintained.

As we understand the record herein, it appears that Judge Barbe has received property for the money he used for Goudeau's benefit; that he has refunded it to defendant from whom it was borrowed and who has been fully repaid for the money he had loaned to Judge Barbe; that notwithstanding the fact of this repayment, he has accepted $1,350 from Goudeau in part payment of the same debt, therefore to that extent, he got double payment, which Goudeau paid in error and by mistake, and for which the trustee has instituted this suit.

For the reasons hereinabove given, we find that the plea of prescription was erroneously maintained.

It is therefore ordered, adjudged, and decreed that the judgment appealed from be avoided and reversed; that the plea of prescription be and is hereby overruled; and that this cause be remanded to the lower court for trial on the merits, defendant to pay the cost of this appeal; and those of the lower court to await the final decision of this case.