## GIROD v. BARBE. *
### No. 1682.

Court of Appeal of Louisiana. First
Circuit.

Feb. 12, 1937.

J. A. Williams, of Lake Charles, for
appellant.

Cline, Thompson & Lawes, of Lake
Charles, for appellee.

DORE, Judge.

This is the third time this case has been
before this court. The issues involved are
given in the two previous opinions. 153
So. 326 and 167 So. 875, 878. When the
case was before this court the last time,
the second volume of a record which had
been introduced in evidence in this suit
was not filed in this court. This volume
contained some of the testimony in the
case of Goudeau against his former wife,
now Mrs. Roach, and the volume covers
that part of the transcript in this case
from pages 173 to 310, inclusive. After
the last opinion had been handed down
and an application made for a rehearing,
it appeared for the first time that this part
of the transcript had not been filed in this
court, and it was largely because of this
fact that a rehearing was granted.

The suit is based on the allegation that
Goudeau paid the defendant $1,350, be-
lieving that he was paying on a debt due
the defendant for money which the de-
fendant had advanced to Goudeau's wife
through Judge Barbe, when, as a matter
of fact, the defendant, at the time he re-
ceived this money from Goudeau, already
had been repaid the total amount by Judge
Barbe. In reversing the judgment ren-
dered by the trial court for the amount
of the claim and legal interest from the
date of the payment, we held that the tes-
timony failed to show that, when Goudeau
paid the amount, Judge Barbe had already
repaid the defendant. We quoted and
analyzed the testimony on this point given
by defendant in the suit of Goudeau v.
Mrs. Roach, his former wife, and we
reached the conclustion that the testimony
of the defendant in that suit, as we inter-
preted it, did not, standing alone, prove
that, when defendant received this pay-
ment from Goudeau in 1913, Judge Barbe
had already repaid the amount which the
defendant had advanced to Goudeau's
wife. We said in that opinion: "We do
not think that it will be seriously con-
tended that Judge Barbe has anywhere
testified that he paid defendant the full
amount of the $1,800." We further held
that the plaintiff had not overcome the bur-
den resting on him to prove that the pay-
ment was made in error and that the pay-
ment was not due.

*Writs of error refused March 29, 1937.

Has the completion of the record altered our judgment and does the evidence of Judge Barbe overcome the burden placed upon the plaintiff?

After due consideration of this case, we still adhere to our former interpretation of the evidence as given by Paul J. Barbe, and which evidence was introduced by the plaintiff herein, and which is relied upon by the plaintiff to recover, and which evidence is to the effect that he received this $1,350 prior to his having received or made any settlement with Judge Barbe.

Besides the evidence of Paul J. Barbe and the construction of which evidence we have interpreted as against the plaintiff herein, plaintiff also offered the evidence of Mr. Goudeau. The evidence of Mr. Goudeau is necessary in order to determine as to whether or not Paul J. Barbe did receive the $1,350 after he had been paid by Judge Barbe. On page 27 of the transcript herein filed, his evidence is to the effect that "in the latter part of October, 1913," quoting his testimony, he paid or turned over to Paul J. Barbe the sum of $1,350 to repay part of the loan made by Paul J. Barbe to his wife, Mrs. Roach, at that time Mrs. Goudeau; he again repeats that "less than thirty days" after October 9, 1913, he was in a position to repay this amount and did so. Mr. Goudeau, therefore, by his testimony, and which testimony is the sole testimony seeking to establish the date of payment of the $1,350, places or fixes the date of this payment as the latter part of October, 1913, and not more than thirty days after October 9, 1913.

■ The defendant offered the whole record and testimony in the matter of Goudeau v. Mrs. Roach, and in which second volume was found the testimony of Judge Barbe. Judge Barbe, in that case, testified to the effect that, immediately after he had mortgaged the property which had been transferred to him by Mrs. Goudeau, he paid his brother, the defendant, the amount which had been advanced. Neither the original mortgage, nor a certified copy thereof, was introduced in evidence and do not form a part of the transcript before this court. However, the plaintiff, at the time of his filing his application for a rehearing, did attach a certified copy of a mortgage granted by Judge Barbe upon the property transferred to him by Mrs. Goudeau and which certified copy of said mortgage shows that the mortgage was executed on November 15, 1913, filed on November 25, 1913, and recorded on December 2, 1913. We cannot take cognizance of this mortgage as we are not a court of original jurisdiction and no new evidence can be filed in our court. Conceding, however, for the mere sake of argument that this is the mortgage which Judge Barbe has reference to, it only goes to show that, when Judge Barbe testified that he repaid the defendant immediately after the execution of the mortgage, it must have been subsequent to "the latter part of October" and "less than thirty days" after October 9, 1913.

The only conclusion therefore that can be reached is that Mr. Goudeau paid Mr. Paul J. Barbe some days prior to November 15, 1913, and that thereafter Paul J. Barbe and Judge Barbe settled the difference, as testified to by Paul J. Barbe, by compensation.

However, on the trial on the merits, Mr. Goudeau was called as a witness and was interrogated as to whether or not he had written to the defendant herein to the effect that the defendant did not owe him anything. He reluctantly replied that he did not know whether he had or not. After proof of the loss of the letter, Mr. & Mrs. Paul J. Barbe testified that he had written to Mr. Barbe, the contents of which was to the effect that Mr. Barbe, the defendant herein, owed him nothing. The lower court, in his judgment, comments on this fact and states that he would believe Mrs. Barbe. We see no reason to disbelieve her but, on the contrary, believe that she has testified to the true facts in the case. This letter was written when Mr. Goudeau was attempting to annul the sale made by his wife to her brother, Judge Barbe. Mr. Goudeau also volunteered the statement that he was the sole creditor of his bankrupt estate. He is really the party at interest in this suit, as testified to by the former trustee on the trial on the merits.

■ However, in the petition, it is alleged that, when Mr. Goudeau made the payment to defendant, he thought he was making a payment in the interest of his wife and in order to redeem the property which his wife had transferred to Judge Barbe as security for the money which defendant had advanced for her benefit. In his testimony throughout, Mr. Goudeau says that he paid this amount to apply on a loan made to his wife and for the purpose of enabling her to redeem the prop-

erty which she had transferred to Judge Barbe as security for the loan. It will thus be seen from the allegations of the petition and from the testimony of Goudeau himself that the money was paid to defendant, not on a debt which Goudeau thought he owed but on a debt which he thought his wife owed. In other words, he made the payment in the capacity of agent for his wife. And neither he nor his trustee in bankruptcy, and which trustee has no greater rights than he had or has, has any standing in court, even if we were not more so convinced since our re-examination of the case that the plaintiff had failed to overcome the burden resting on him to prove that the payment was made in error and that the payment was not due.

For these reasons, our former decree is therefore reinstated and made the final judgment of this court.

LE BLANC, J., dissents.