839 So.2d 470 (2003)
Joseph P. GARDINER
v.
ST. TAMMANY PARISH SHERIFF'S DEPARTMENT and Tchefuncte Club Estates, Inc.
No. 2002 CA 0394.
Court of Appeal of Louisiana, First Circuit.
February 14, 2003.
Rehearing Denied April 3, 2003.
Perry Staub, Jr., Janet McGrew, New Orleans, for Appellant Plaintiff Joseph P. Gardiner.
Stephen Brooks, Jr., Covington, for Appellees Defendants.
Panel composed of Judges FRANK FOIL, PAGE McCLENDON and WILLIAM F. KLINE, Jr.[*]
FOIL, J.
This appeal challenges the granting of a prescription exception in a workers' compensation case. We reverse.

*471 BACKGROUND
Joseph Gardiner filed this disputed claim for compensation in the Office of Workers' Compensation (OWC) against the St. Tammany Parish Sheriff's Department on February 18, 2000. Mr. Gardiner claimed that on February 20, 1999, while working a security detail as a deputy sheriff for the Sheriff's Department, he slipped and fell while walking up a poorly lit walkway to a residence located in the Tchefuncta Club Estates, Inc., injuring his knee, back and neck as a result. Discovery requests propounded by Mr. Gardiner to the Sheriff's Department revealed that 30 years previously, the Sheriff's Department and Tchefuncta entered into a contractual agreement to provide for security at the private subdivision. Tchefuncta was billed by the Sheriff's Office for services rendered, which services included deputy pay, deputy benefits package, and vehicle purchases.
On February 22, 2000, Mr. Gardiner filed a tort suit seeking damages in the 22nd Judicial District Court against the owner of the Tchefuncta residence, Denis Bergeron, Bergeron's insurer, Louisiana Farm Bureau Insurance Company and the Sheriff's Office. On May 18, 2000, Tchefuncta was added as an additional defendant in the tort suit.
On September 29, 2000, Mr. Gardiner added Tchefuncta as a defendant in the compensation proceeding, asserting that he was either a borrowed/special employee, statutory employee or independent contractor entitled to workers' compensation benefits from Tchefuncta.
The Sheriff's Office filed a motion for summary judgment in the OWC, asserting that it was exempt from the mandatory provisions of the workers' compensation law. The workers' compensation judge (WCJ) denied the motion. Tchefuncta filed a peremptory exception raising the objection of prescription, asserting that any claim for compensation benefits against it, filed over 19 months after the subject accident, was untimely. The WCJ referred the exception to the trial on the merits.
The Sheriff's Office filed writs with this court, challenging the WCJ's refusal to grant the motion for summary judgment. This court reversed the judgment, holding that sheriff's deputies are excluded from workers' compensation coverage. Gardiner v. St. Tammany Parish Sheriff's Department, 2001 CW 0085 (La.App. 1 Cir. 5/31/01).
On the basis of this court's ruling, Tchefuncta re-urged its exception of prescription, asserting that because the Sheriff's Department had no obligation under the workers' compensation law to Mr. Gardiner, Tchefuncta could not be held liable in solido with the Department, and therefore, the timely filed suit against the Sheriff's Department could not serve to interrupt prescription as to Tchefuncta.
In opposition to the exception of prescription, Mr. Gardiner asserted that through discovery, it had been learned that Tchefuncta paid for his wages and benefits, either directly or through the Sheriff's Department. In his deposition, he attested that he continued to receive pay-checks from the Sheriff's Department until October of 1999. He stated that on many occasions, he was paid a salary check directly from Tchefuncta for off-duty details for hours worked beyond the regular 40-hour work week.
Mr. Gardiner introduced into the record the Sheriff's bi-weekly time sheets reflecting he was paid for hours not actually worked from March 9, 1999 through October 18, 1999. The payroll sheets contain notations that the charges were for "workman's compensation," "family medical *472 leave," and "short term disability." Mr. Gardiner also offered a billing from the Sheriff's Department to Tchefuncta for his services from June 14 through June 28, 1999, which itemizes salary charges of 160 hours and various benefit charges.
The WCJ granted Tchefuncta's exception of prescription and this appeal, taken by Mr. Gardiner, followed.

PRESCRIPTION
Louisiana Revised Statute 23:1209(A) provides that when workers' compensation payments have been made, prescription shall not run until the expiration of one year from the time the last payment is made. The documentary evidence reflects that Mr. Gardiner was paid by the Sheriff's Department through October 18, 1999. The payroll records reflect references to workers' compensation as the source of the payments, as well as computations of the salary at 66.66%.
The evidence further revealed that the Sheriff's Department is reimbursed by Tchefuncta for payments made to deputies. Tchefuncta failed to demonstrate that it did not reimburse the Sheriff's Department for payments charged on behalf of Mr. Gardiner through October 18, 1999. In the absence of such evidence, we can only conclude that Tchefuncta was required to reimburse the Sheriff's Department for compensation benefits charged to Tchefuncta by the Department on behalf of Mr. Gardiner.
Based on the evidence in the record, we find that payments made to Mr. Gardiner and owed by Tchefuncta through October 18, 1999 served to interrupt prescription on Mr. Gardiner's workers' compensation disability claim through that date. Therefore, this compensation claim against Tchefuncta, filed within one year of the date of the last payment, on September 29, 2000, was timely. Accordingly, the WCJ erred in sustaining the exception of prescription.

DECREE
Based on the foregoing, the judgment appealed from is reversed, and the matter is remanded to the Office of Workers' Compensation for proceedings consistent with this opinion. All costs of this appeal are assessed to appellee, Tchefuncta Club Estates, Inc.
REVERSED AND REMANDED.
NOTES
[*] Judge William F. Kline, Jr., Retired, serving Pro Tempore by special appointment of the Louisiana Supreme Court.