898 So.2d 470 (2004)
Joseph P. GARDINER
v.
ST. TAMMANY PARISH SHERIFF'S DEPARTMENT.
No. 2004 CA 0345.
Court of Appeal of Louisiana, First Circuit.
December 30, 2004.
Rehearing Denied March 8, 2005.
*471 Perry Staub, Jr., Janet Daly McGrew, New Orleans, for Appellant Plaintiff Joseph P. Gardiner.
Stephen W. Brooks, Jr., Shannon Lowry, Covington, Richard S. Voelker, for Appellee Defendant Tchefuncta Club Estates, Inc.
Panel composed of Judges FRANK FOIL, RANDOLPH H. PARRO and JAMES E. KUHN.
FOIL, J.
This appeal challenges a ruling that a compensation claimant was not an employee of the defendant. We affirm.

BACKGROUND
On February 18, 2000, Joseph Gardiner filed this disputed claim for compensation benefits in the Office of Workers' Compensation (OWC) against the St. Tammany Parish Sheriff's Department. Gardiner, a deputy employed by the Sheriff's Department, claimed that he was injured while working a security detail at Tchefuncta Club Estates when he slipped and fell as he walked up a poorly-lit walkway to one *472 of the residences in the subdivision. He also filed a tort suit against the owner of the Tchefuncta Club Estates residence, as well as Tchefuncta Club Estates, Inc. (TCE), the subdivision owner.
On September 29, 2000, Gardiner added TCE as a defendant in the compensation proceeding, asserting that he was either a direct, borrowed or statutory employee of TCE. The Sheriff's Department was dismissed from the compensation litigation by a decision of this court in Gardiner v. St. Tammany Parish Sheriff's Department, 02-0085 (La.App. 1 Cir. 5/31/01) (unpublished opinion), wherein we held that sheriff's deputies were statutorily excluded from compensation coverage.[1]
In the OWC proceeding, TCE raised the issues of: (1) employment status; (2) the existence of an accident; (3) whether Gardiner's complaints were caused by the alleged work-accident; (4) whether Gardiner forfeited his entitlement to benefits by making a false statement; and (5) whether the claim for benefits was reasonably controverted. Following a trial on the merits, the worker's compensation judge (WCJ) ruled that Gardiner failed to carry his burden of proving an employee/employer relationship with TCE, thereby dismissing the lawsuit without deciding any of the other issues raised therein. This appeal, taken by Gardiner, followed.

EMPLOYMENT STATUS
Gardiner contends that he was the special, joint, borrowed or statutory employee of TCE at the time of his injury, which was incurred while he was doing an investigative follow-up at a Tchefuncta Club Estates residence. TCE, on the other hand, urges that the WCJ correctly concluded that the Sheriff's Department, not TCE, was Gardiner's employer.
On the issue of employment status, the record reflects that the Sheriff's Department has provided TCE with security services pursuant to an arrangement existing for over 30 years. The Sheriff's Department supplied deputies hired by the Department to work security details at the private subdivision, and billed TCE directly for the deputies' salaries and benefits. The Sheriff's Department issued checks to the officers. TCE also paid for the vehicles in which the deputies patrolled.
Sometime around 1990, Gardiner was hired by the Sheriff's Department as a deputy sheriff. He was first assigned to a prison security detail, then transferred to TCE. Gardiner later requested a transfer to a halfway house closer to his home, where he worked for three years. Some time later, Gardiner's former supervisor at TCE, Sergeant Larry Elsensohn, informed Gardiner that an opening had come up at TCE, and Gardiner accepted a transfer back to TCE.
The record further reflects that Gardiner was paid by the Sheriff's Department for a 40-hour work week. He also worked directly for TCE on off-duty details, for which he was paid an hourly wage without benefits by TCE. It is undisputed that at the time of the alleged accident, Gardiner was working his regular duty detail for the Sheriff's Department.
The evidence demonstrated that Gardiner and the other deputies reported to a guard shack at TCE's entrance, but were under the direction and supervision of Sergeant Elsensohn. TCE's general manager attested that he was not involved in the *473 day-to-day activities of the deputies, and acknowledged that on occasion, he asked the deputies to run errands or perform traffic direction or supervision for a party in the neighborhood.
Gardiner stated that he enforced the law inside the subdivision by making traffic stops and answering calls of assistance. He also took care of matters off of the TCE property, responding to burglar alarms at nearby businesses when requested by the Sheriff's Department street supervisors.
Turning to the law, it is clear that Mr. Gardiner was not a direct employee of TCE. He was hired by the Sheriff's Department, retained his status as a deputy sheriff responsible for enforcing the laws of this state, and was paid by the Sheriff's Department. It was therefore incumbent on Mr. Gardiner to establish a multiple employer relationship.
La. R.S. 23:1031 C and the jurisprudence decided in accordance therewith set forth the standard by which one may be considered a special or borrowed employee of another employer. La. R.S. 23:1031 C provides that a "borrowing" or special employer can be held liable for compensation benefits where the employee is under the control and direction of the special employer in the performance of the work. In a worker's compensation case, the issue of whether a borrowed servant relationship exists is a matter of law for the court to determine. Arable Brothers Trucking, Co. v. Gautreaux, 03-0120, p. 7 (La.App. 1 Cir. 8/4/04), 880 So.2d 932, 938. While there is no fixed test, the following factors are considered in determining the existence of a borrowed employee relationship: right of control; selection of employees; payment of wages; power of dismissal, relinquishment of control by the general employer; which employer's work was being performed at the time in question; the existence of an agreement, either implied or explicit, between the borrowing and lending employer; furnishing of instructions and place for the performance of the work; the length of employment; and the employee's acquiescence in a new work situation. Id., 03-012 at p. 11, 880 So.2d at 940.
The evidence demonstrates that Gardiner was a Sheriff's Department employee. He was hired by the Sheriff's Department, which determined his assignment to TCE. Gardiner reported directly to Sergeant Elsensohn. TCE had no input into the selection of the deputies or control over their day-to-day activities. Clearly, the Sheriff's Department did not relinquish control over its deputies to TCE. Given the facts of this case, the WCJ correctly found that Gardiner failed to prove he was the employee of TCE at the time of his alleged injury.[2]

CONCLUSION
For the foregoing reasons, the judgment appealed from is affirmed. All costs of this appeal are assessed to appellant, Joseph Gardiner.
AFFIRMED.
NOTES
[1] In another pre-trial battle, TCE urged that the compensation claim against it had prescribed, and the worker's compensation judge agreed, dismissing TCE from the lawsuit. This court reversed that decision in Gardiner v. St. Tammany Parish Sheriff's Department, 02-0394 (La. 1 Cir. 2/14/03), 839 So.2d 470, and remanded the case for trial.
[2] TCE again brings up the prescription issue, which we pretermit discussion on in light of this ruling.