HERGET, Judge.
■ The employers’ Liability Assurance Corporation, Ltd., hereinafter referred to as "Employers’ ” and the City of Bogalusa, hereinafter referred to as “City”, instituted this suit for a declaratory judgment against General Accident Fire and Life Assurance Corporation, Ltd., hereinafter referred to as “General” and Julius Flynn, a former employee of the City of Bogalusa, hereinafter referred to as “Employee.”
Under the allegations of the petition it is averred Employee was engaged as a machine operator for the City in the Department of Parks and Streets on October 18, 1957 and on October 18, 1957 Employee complained that he slipped, fell to the ground and hurt his back while rolling some 30-inch tiles in one of the City’s ditches, all in the course and scope of his employment. Following the alleged injury Employee was afforded medical care and his injuries were diagnosed as a lumbosacral strain. On the day of the occurrence of the accident the City was insured for liability under the Workmen’s Compensation Act by General, which, it is further alleged, paid $630 in compensation benefits and expended $832 in medical benefits to Employee for the period between October 18, 1957 and February 24, 1958 when Employee returned to his work, however still complaining of pain in his back. On November 1, 1957 while Employee was absent from work and being treated for his alleged injury, Employers’ became the workmen’s compensation insurer for the City against any liability on account of any accident to its employees occurring during the period from November 1, 1957 through October 31, 1958. It is then alleged that “Despite his return to work on February 24, 1958 Employee continued to complain of his back and on September 16, 1958, the discomfort became acute and he was required to leave his employment and seek further medical attention.” At that time Employee made a claim for compensation benefits against Employers’ who was then, as noted here-inbefore, the compensation insurer of the City. Employers’ further allege: “Without admitting liability, with full reservation of its rights, and in order to avoid *691 penalties, Employers made weekly payments of compensation and furnished medical attention to Employee and has continued to do so pending a determination of its liability.”
The relief sought by Plaintiffs, as shown by their prayer, is:
Wherefore, petitioners pray that General Accident Fire & Life Assurance Corporation, Ltd., and Julius Flynn be cited; that there be judgment herein (i) declaring that General Accident Fire & Life Assurance Corporation, Ltd., insured City of Bogalusa against liability under the Louisiana Workmen’s Compensation Act at the time that Julius Flynn alleges his accident occurred and that the disability of which Julius Flynn complains is the result of said alleged accident; declaring further, that General Accident Fire & Life Assurance Corporation, Ltd., is liable for whatever compensation benefits may be due Flynn from the City of Bogalusa; (ii) awarding judgment against General Accident Fire & Life Assurance Corporation, Ltd., and in favor of the Employers’ Liability Assurance Corporation, Ltd., for all compensation payments and medical, surgical and hospital expenses which may have been paid by the Employers’ Liability Assurance Corporation, Ltd., to and for Julius Flynn on account of his alleged accident and disability; or (iii) alternatively, that there be judgment declaring that General Accident Fire & Life Assurance Corporation, Ltd., and the Employers’ Liability Assurance Corporation, Ltd., are liable in solido for any of the benefits to which Julius Flynn may be entitled under the Louisiana Workmen’s Compensation Act by reason of his alleged accident and injury, and awarding judgment in favor of Julius Flynn and against General Accident Fire & Life Assurance Corporation, Ltd., for one half of the compensation payments and medical, surgical and hospital expenses already paid by the Employers’ Liability Assurance Corporation, Ltd., to Julius Flynn; and for such other and further relief as equity,' law and the nature of the case may require.
Exceptions of no cause of action and no. right of action were filed on behalf of Employee and General and, in addition, General filed a plea of prescription.'
On May 9, 1960, without assigning reasons, the Trial Judge read, rendered and' signed in open court a judgment sustaining-the exceptions of no right and no cause of” action and the plea of prescription filed, by the Defendant, General, and the exceptions of no right and no cause of action filed by Defendant, Employee. It is from, this judgment that the Employers’ and City-have appealed. ■ -
The dilemma in which Employers’ found itself ‘ results from the decision of' this Court and of the Supreme Court upon writs being granted in the case of Humphreys v. Marquette Casualty Company, 235 La. 355, 103 So.2d 895 wherein the-Supreme Court held that it was arbitrary and capricious for two. insurance companies to deprive an employee of an assured' of his compensation benefits while engaged in a dispute between themselves as-to which, or both in solido, were liable for compensation to said employee within the-meaning of the Workmen’s Compensation-Act.
Employers’ contend that the insurer at-the time of the accident, General, is responsible for the payment of any compensation benefits to which Employee is entitled as said company was the insurer of the City at the time of the happening of' the accident and that Employers’, who was-the insurer on the date the disability developed, is not liable and for authority-rely on the cases of Treadwell v. Columbia Casualty Company, La.App., 167 So. 103. and Finley v. Hardware Mutual Insurance Company, 237 La. 214, 110 So.2d 583. However, in our view, though these cases, are authority for Employers’ contention, there is a possibility that liability may be placed upon Employers’ inasmuch as the- *692 evidence may reveal grounds for holding Employers’ liable solely or in solido with -General.
It is the contention of Employers’ that it paid and is currently paying the Employee •compensation, though it considers such payments to be in the nature of a payment of a debt of another — General; that such payments become necessary in order to .avoid the imposition of penalties which might be imposed in the event that the Employee was not paid compensation to which he was entitled because of the dispute between General and Employers’ as to liability.
In the Humphreys decision (235 La. 355, 103 So.2d 895), at page 907, in answer to the contention by counsel for Marquette Casualty and American Casualty that each of their denials of liability were not arbitrary or capricious, the Court said:
“These arguments are not impressive. It cannot be doubted that either one or the other or both of these insurance companies were liable for compensation. This being so, they should have made provision, either collectively or separately, for payment of compensation until their respective legal liability was determined. They could not justifiably withhold all benefits and force plaintiff to undergo the legal expense and the delay in collecting an admittedly valid claim, even though each might have had reasonable grounds to litigate the issue of its legal liability for compensation.”
The basis, therefore, for this action on the part of Employers’ is to comply with this admonition — pay the Employee the compensation due him for his alleged injuries and obtain a judicial decree of the liability of General and/or Employers’ for such workmen’s compensation.
Under Part II of the Uniform Declaratory Judgments Act, LSA-R.S. 13:4232, it is provided:
"Any person interested under a deed, will, written contract or other writings constituting a contract, or whose rights, status or other legal relations are affected by a statute, municipal ordinance, contract or franchise, may have determined any question of construction or validity arising under the instrument, statute, or ordinance, contract, or franchise and obtain a declaration of rights, status or other legal relations thereunder.” (Emphasis by the Court.)
It thus appears that both Employers’ and City are interested parties within the meaning of the above quoted statute and there is an obvious justiciable dispute between Employers' and City as against General as to the liability for compensation because of the alleged injuries suffered by Employee. Therefore, we see no merit in the exceptions of no cause and no right of action filed by General and it is our opinion that the .Uniform Declaratory Judgments Act properly affords to Plaintiffs the remedy for the determination of the issues presented.
LSA-R.S. 23:1209 reads as follows :
“In case of personal injury (including death resulting therefrom) all claims for payments shall be forever barred unless within one year after the accident or death the parties have agreed upon the payments to be made under this Chapter or unless within one year after the accident proceedings have been begun as provided in Parts III and I-V of this Chapter. Where such payments have been made in any case, the limitation shall not take effect until the expiration of one year from the time of making the last payment. Also, where the injury does not result at the time of, or develop immediately after the accident, the limitation shall not take effect until the expiration of one year from the time the injury develops, but in all such cases the claim for payment shall be forever *693 barred unless the proceedings have been begun within two years from the date of the accident.”
The plea of prescription filed by General based on this statute is that inasmuch as the alleged injury to Employee occurred on October 18, 1957 and he left work on September 16, 1958 and has never instituted suit for compensation benefits and more than a year having elapsed, the claim for •same has prescribed. We are of the opinion that part of the relief sought by Employers’ is for restitution and the prescription therefor is ten years. Girod v. Barbe, La.App., 153 So. 326; Smith v. Phillips, 175 La. 198, 143 So. 47; Lagarde v. Dabon, 155 La. 25, 98 So. 744.
The relief sought by City as to General is for the interpretation and enforcement of its contract of insurance which likewise prescribes in ten years. LSA-Civil Code Art. 3544; Louisiana Sportservice, Inc. v. Monsour, La.App., 59 So.2d 499; Whitten v. Monkhouse, La.App., 29 So.2d 800. Moreover, in view of the fact that Employee is and has been regularly paid compensation on behalf of the City, his employer, it is doubtful a plea of prescription could be sustained in the event of suit by Employee inasmuch as the City and General are solidary obligors and payment of compensation by City in the discharge of its obligations arising out of the accident of October 18, 1957 interrupts and suspends the commencement of prescription insofar as General is concerned.
In reference to the exception of no cause or right of action filed on behalf of Employee, this Court, in the case of Gary v. Marquette Casualty Company et al., La. App., 72 So.2d 619 — where Plaintiff was denied the right to proceed under the Declaratory Judgments Act — sustained a plea of prematurity based upon the provisions of LSA-R.S. 23:1314 denying to an employee the right to sue the employer for compensation as long as the payments therefor were being voluntarily made by the employer, and held that inasmuch as the relief sought was expressly prohibited by the Workmen’s Compensation Act, the Plaintiff could not resort to the remedy provided for under the Declaratory Judgments Act to circumvent the positive law denying him sü'ch right. However, in the case, Judge Lottinger, 72 So.2d at page 622, said:
“In the present case, a remedy is afforded the petitioner, provided that the provisions of LSA-R.S. 23:1314 is complied with. Furthermore, if the remedy sought were not expressly forbidden by the said Act, we believe that petitioner could have proceeded under the Declaratory Judgments Act even though an additional remedy were provided by the compensation act.”
It is to be noted that under LSA-R.S. 23:1311 (the Workmen’s Compensation Act) it is provided: “In case of dispute over or failure to agree upon a claim for compensation between employer or employee, or the dependents of the employee, either party may present a verified petition to the district court which would have jurisdiction.” This was the remedy suggested by the Court in the case of Sumrall v. J. C. Penney Company, La.App., 101 So.2d 758 as being the correct way for an employer and insurer to secure a judicial determination of whether or not the refusal of an employee to submit to surgery was reasonable, for, by continuing the compensation payments to an admitted disabled employee during the period of litigation the insurer would not be making itself subject to or liable for penalties under the act.
In view of the affirmation of the right to resort under the Workmen’s Compensation Act to the remedy sought by Plaintiffs in this suit for a declaratory judgment, there is no conflict or denial of the right to determine such issue under the Declaratory Judgments Act which, in our opinion, gives to Plaintiffs the means of adjudicating the issues presented without withholding the payments from the injured Employee and therefore providing for the adjudication of the dispute as to liability between the two insurance companies.
*694 For these reasons, the judgment of the Trial Court sustaining the exceptions filed on behalf of the Employee, Julius Flynn, and the exceptions and plea of prescription filed on behalf of General Accident Fire and Life Assurance Corporation, Ltd. is reversed and the case will be remanded to the Trial Court for trial on the merits.
Reversed and remanded.