817 So.2d 1266 (2002)
Tanya LARKIN
v.
REGIS HAIR STYLISTS and Atlantic Mutual.
No. 02-127.
Court of Appeal of Louisiana, Third Circuit.
May 15, 2002.
James P. MacManus, Lafayette, LA, for Appellee Tanya Larkin.
Lawrence B. Frieman, Juge, Napolitano, Guilbeau, Ruli & Frieman, Metairie, LA, for Appellant Regis Hair Stylists.
L. Dean Fryday, Jr., Grayson H. Brown, Baton Rouge, LA, for Appellee Books-A-Million.
Court composed of NED E. DOUCET, C.J., ULYSSES GENE THIBODEAUX and SYLVIA R. COOKS, Judges.
SYLVIA R. COOKS, Judge.
In this workers' compensation dispute, the third party plaintiff contends the trial court erred in granting the third party defendant's exception of prescription. For the following reasons, we affirm.

FACTS AND PROCEDURAL HISTORY
On October 21, 1999, Tanya Larkin allegedly injured her back while moving boxes in the course and scope of her employment with Regis Hair Stylists. She immediately reported it to her supervisor, who told her to go to the hospital. She went to the emergency room at Our Lady of Lourdes Hospital in Lafayette, and was eventually seen by Dr. Charles Olivier. As a result of this injury, Ms. Larkin filed a disputed claim for workers' compensation benefits on March 23, 2000.
Regis, and its workers' compensation insurer, Atlantic Mutual, filed a third party demand naming Books-A-Million and its workers' compensation insurer, Travelers Insurance Company, as defendants. In its demand, Regis noted that Ms. Larkin suffered a back injury while employed at Books-A-Million on September 2, 1996, and received workers' compensation benefits as a result. Regis contended "that the incident occurring on October 21, 1999 was not an accident within the course and scope of Larkin's employment, so therefore, Books-A-Million and Travelers' are *1267 liable for indemnification to Regis and Atlantic Mutual." In the alternative, it argued "Larkin's current symptoms are a continuation of her injuries from the September 1996 accident," or were caused from "a temporary aggravation of the preexisting problems from September 1996." In either event, Regis asserted Books-A-Million and Travelers are liable for indemnification. Ms. Larkin then amended her claim for workers' compensation benefits to add Books-A-Million and Travelers as additional defendants.
Books-A-Million and Travelers filed an exception of prescription, arguing the one year prescriptive period of La.R.S. 23:1209 expired. They noted the last date any payment of workers' compensation benefits was made for the accident of September 2, 1996 was August 2, 1998. The current action, relating to the October 21, 1999 accident, was filed on March 23, 2000. The third party demand was filed on February 2, 2001.
The exception was argued before a workers' compensation judge, with counsel for Regis and Books-A-Million presenting arguments and submitting briefs. Ms. Larkin did not appear at the hearing on the exception. A judgment was entered granting the exception of prescription. Regis appealed, arguing the workers' compensation judge committed legal error in granting the exception of prescription. Ms. Larkin has not appealed the judgment. Therefore, the dismissal of her claim for temporary total disability benefits from Books-A-Million is final.

ANALYSIS
The record established Books-A-Million's last payment to Ms. Larkin was dated August 2, 1998. At this time, Ms. Larkin's treating physician released her to return to work. Books-A-Million offered Ms. Larkin her former job, which she refused. Her benefits were then terminated. Shortly thereafter, Ms. Larkin accepted employment with Regis. The work accident at Regis occurred on October 21, 1999, and the claim for benefits was filed on March 23, 2000. The third party demand was filed on February 2, 2001.
The trial court found the suit had prescribed because of the one year prescriptive period found in La.R.S. 23:1209, which provides in pertinent part as follows:
C. All claims for medical benefits payable pursuant to R.S. 23:1203 shall be forever barred unless within one year after the accident or death the parties have agreed upon the payments to be made under this Chapter, or unless within one year after the accident a formal claim has been filed with the office as provided in this Chapter. Where such payments have been made in any case, this limitation shall not take effect until the expiration of three years from the time of making the last payment of medical benefits.
Regis argues the application of R.S. 23:1209 to the present situation "amounts to legal error. Persuasive authority exists for the proposition that LSA-R.S. 23:1209 was never intended to apply to employer claims for contribution or indemnification in successive employment situations. See, Grammer v. Patterson Services, Inc., 860 F.2d 639, 645-46 (5th Cir.1988)." In Grammer, the direct employer brought a claim for contribution against the statutory employer. The statutory employer argued the claim for contribution prescribed under R.S. 23:1209. The court found the prescriptive period could not have run, because payments continued to be made to the employer. The Grammer court in dictum did "express doubt that section 1209 governs contribution claims for worker's compensation payment."
The Grammer case was decided in 1988. The legislature in 1997 amended La.R.S. 23:1310.3(E) to provide as follows:

*1268 E. Except as otherwise provided by R.S. 23:1101(D) and 1378(E), the workers' compensation judge shall be vested with original, exclusive jurisdiction over all claims or disputes arising out of this Chapter, including but not limited to workers' compensation insurance coverage disputes, employer demands for recovery for overpayment of benefits, the determination and recognition of employer credits as provided for in this Chapter, and cross-claims between employers or workers' compensation insurers for indemnification or contribution.

(Emphasis added.)
The amendment to R.S. 23:1310.3(E) clearly granted original and exclusive jurisdiction of claims between insurers for contribution to the Office of Workers' Compensation. R.S. 23:1209 provides that "all claims for payments shall be forever barred" unless brought within one year. R.S. 23:1209 does not grant any exceptions or extensions for a contribution claim filed by an insurer against another beyond the one year period.
Regis argues its third party demand for contribution has not prescribed on its face because prescription will not begin to run until such time as it has been cast in judgment to pay benefits. Regis concedes there is a final, non-appealable judgment which bars Ms. Larkin from bringing a claim for disability benefits against Books-A-Million. However, Regis contends Ms. Larkin's right to disability benefits has no bearing on their right to collect contribution for disability benefits they may be ordered to pay. Essentially, Regis is stating their right for contribution does not derive from Ms. Larkin. In support of this argument, Regis cites general authority for successive employers to bring claims for contribution, and cases which stand for the proposition that claims for contribution and indemnification have a ten year prescriptive period. None of the cases cited by Regis were decided after the amendment to R.S. 23:1310.3(E).
The fourth circuit in U.S. Fidelity & Guar. Co. v. CIGNA Property and Cas. Co., 99-1851 (La.App. 4 Cir. 1/5/00), 751 So.2d 983, writ denied, XXXX-XXXX (La.3/24/00), 758 So.2d 159, addressed the issue of whether the district court or Office of Workers' Compensation had jurisdiction to determine rights of reimbursement or indemnification arising out of payments under the Workers' Compensation Act. In that case, one insurer sought to prove an accident was an aggravation of the claimant's earlier injury, rather than a second injury. Citing the language found in La. R.S. 23:1310.3(E) specifically noting "cross-claims between employers or workers' compensation insurers for indemnification or contribution," the court found "[t]his is clearly a matter which arises under the Worker's Compensation Act, and the Office of Worker's Compensation is the appropriate forum to determine whether in fact claimant suffered a new injury."
Given the contribution claim Regis attempts to advance falls within the purview of the Workers' Compensation Act, the one year prescriptive period of R.S. 23:1209, which pertains to all claims brought under the Workers' Compensation Act, is applicable in this case. Therefore, the claim for contribution is prescribed on its face.

DECREE
For the foregoing reasons, the judgment of the Office of Workers' Compensation is affirmed. All costs of this appeal are assesses against appellant, Regis Hair Stylists.
AFFIRMED.