895 So.2d 596 (2005)
Jesse BOUDREAUX, Jr.
v.
ANGELO IAFRATE CONSTRUCTION.
No. 2003 CA 2260.
Court of Appeal of Louisiana, First Circuit.
February 4, 2005.
Rehearing Denied March 23, 2005.
Michael S. Zerlin, Thibodaux, for Plaintiff-Appellant Jesse Boudreaux, Jr.
Christopher M. Landry, Blue Williams, L.L.P., Metairie, for Defendant-Appellee Angelo Iafrate Construction.
Before: PARRO, KUHN, and FOIL,[1] JJ.
*597 PARRO, J.
In this workers' compensation action, the claimant appeals a judgment sustaining a peremptory exception raising the objection of prescription and dismissing his claim for workers' compensation benefits. We reverse and remand.

Factual Background and Procedural History
On February 28, 2001, Jesse Boudreaux, Jr. (Boudreaux) filed a workers' compensation claim against Angelo Iafrate Construction (Angelo) for weekly workers' compensation benefits and medical expenses. Boudreaux alleged that in September or October of 1999, while on a job for Angelo, the truck that Boudreaux was driving hit a hole, causing him to strike his head on the cab of the truck, injuring his neck. Boudreaux claimed he informed his supervisor of the incident at the time, but his resulting injury did not manifest itself until January 2001.
Angelo filed an answer and an exception raising the objection of prescription. Following a trial on the exception, the workers' compensation judge (WCJ) found that Boudreaux's injury immediately manifested itself; therefore, his claim for workers' compensation benefits should have been filed within one year of the accident. The WCJ rendered a judgment, sustaining Angelo's peremptory exception raising the objection of prescription and dismissing *598 Boudreaux's claim for workers' compensation benefits. Boudreaux appealed, and this court affirmed that portion of the judgment sustaining Angelo's peremptory exception raising the objection of prescription as it related to indemnity and medical benefits. However, the dismissal of Boudreaux's disputed claim for indemnity benefits was reversed, and the matter was remanded to afford Boudreaux the opportunity to amend his disputed claim form to set forth facts that might overcome the grounds of the objection of prescription. Boudreaux v. Angelo Iafrate Construction, 02-0992 (La.App. 1st Cir.2/14/03), 848 So.2d 3, 8.
On remand, Boudreaux filed an "Amended Complaint-1008" which was written in the style of a memorandum, but nonetheless included additional allegations of fact. Boudreaux claimed that following the accident, he continued to work without further disruption and, although he suffered from pain in his neck on an intermittent basis, he neither sought medical treatment or time off from work during the year-and-a-half period following the accident. However, he alleged that during this time period, the pain progressively worsened until late January 2001, when he could no longer tolerate the pain or perform his job duties in a satisfactory manner. At this point, Boudreaux sought treatment from Dr. Stefan Pribil, who determined on February 2, 2001, that he was a candidate for surgery.
In response to his amended complaint, Angelo again filed an answer and exception raising the objection of prescription, urging that Boudreaux had made the same allegations and incorporated the same arguments in his amended pleading as he did in his initial complaint, and thus had not overcome the presumption that the claim had prescribed. Following a hearing on this matter, the WCJ sustained Angelo's exception and dismissed Boudreaux's claim for indemnity benefits at his costs. Boudreaux appeals, contending the WCJ erred in finding that his injury had immediately manifested itself and in failing to find that his injury qualified as a developmental injury.

Discussion
If the facts alleged in a petition do not show that a claim has prescribed, the burden is on the party raising the objection of prescription to prove it. Conversely, if a claim is prescribed on the face of the pleadings, the burden is on the plaintiff to show that prescription has not tolled because of an interruption or a suspension of prescription. Brister v. GEICO Ins., 01-0179 (La.App. 1st Cir.3/28/02), 813 So.2d 614, 616. At the trial of a peremptory exception, evidence may be introduced to support or controvert any of the objections pleaded, when the grounds thereof do not appear from the petition. LSA-C.C.P. art. 931. Generally, in the absence of evidence, the objection of prescription must be decided on the facts alleged in the petition, and all allegations thereof are accepted as true. Daisey v. Time Warner, 98-2199 (La.App. 1st Cir.11/5/99), 761 So.2d 564, 567.
A review of the record reveals that at the hearing on the peremptory exception in question, Boudreaux introduced the entire record in this matter, which includes the medical records of Dr. Mark Sayes, who was Boudreaux's family physician. These records disclose that Boudreaux received treatment from Dr. Sayes on a regular basis following the accident in question, but did not inform Dr. Sayes during any of his pre-January 30, 2001 visits that he was suffering from neck pain or that he was working in pain. Boudreaux was not called to testify concerning his current condition at the hearing on the exception, *599 nor were the testimony or medical records of Dr. Pribil offered into evidence. Angelo did not offer any evidence in support of its exception.
Despite this paucity of evidence to support Boudreaux's claim of a developing injury, we are required to accept the facts set forth in both the original and amended disputed claim forms as true in considering the merits of the objection of prescription. Reading both together, Boudreaux has alleged that in September or October of 1999, while on a job for Angelo, the truck that Boudreaux was driving hit a hole, causing him to strike his head and injure his neck. He told his supervisor of the incident at the time, but continued to work without further disruption, although suffering from intermittent neck pain. During the year-and-a-half period after the accident, he neither sought medical treatment for his neck nor took time off from work. However, during this time period, the pain progressively worsened until late January 2001, when he could no longer tolerate the pain or perform his job duties in a satisfactory manner. Finally, on February 2, 2001, he saw Dr. Pribil, who determined at that time that he was a candidate for neck surgery.
The developing injury rule of LSA-R.S. 23:1209 provides that when the injury does not result at the time of, or develop immediately after the accident, the limitation barring claims shall not take effect until the expiration of one year from the time the injury develops. This provision has been interpreted to mean that development of the injury actually means development of disability, and disability marks the time from which it is clear that the employee is no longer able to perform the duties of his employment in a satisfactory manner. Swearingen v. Air Products & Chem., Inc., 481 So.2d 122, 124 (La.1986). Accepting Boudreaux's allegations as true as we are required to do in evaluating an objection of prescription, we conclude that he has sufficiently alleged that the accident resulted in his injury, but his disability did not manifest itself until it became clear that he was no longer able to perform the duties of his employment in a satisfactory manner. He claimed he did not reach this point until January 30, 2001, when he sought treatment from Dr. Sayes and then Dr. Pribil, who confirmed the disability.
Since the facts alleged in the original and amended complaint do not show that his claim has prescribed, the burden was on Angelo, the party raising the objection of prescription, to prove the exception. Having failed to do so, we conclude that the WCJ erred in finding that the facts alleged by Boudreaux in his original and amended complaints, accepted as true for purposes of this exception, were not sufficient to show that Boudreaux fell within an exception to the general law, i.e., that he suffered a work-related injury that immediately manifested itself, but only later developed into a disability.[2]

Decree
For the foregoing reasons, the judgment of the Office of Workers' Compensation is reversed, and this case is remanded for further proceedings consistent with this opinion. Costs of this appeal are assessed to Angelo.
REVERSED AND REMANDED.
NOTES
[1] Honorable Frank Foil, retired from the Louisiana Court of Appeal, First Circuit, is serving as judge ad hoc by special appointment of the Louisiana Supreme Court.
[2] In so deciding, we render no opinion on the merits of whether Boudreaux's alleged condition did in fact constitute a developing injury.