WHIPPLE, J.
I ?This matter is before us on appeal from a judgment of the Office of Workers’ Compensation (“OWC”), District 6 finding Lambert Construction and Maintenance, Inc. and its insurer, LIPCA, Inc., liable for benefits as the general employer of plaintiff, George S. Barrios. For the following reasons, we affirm.
FACTS AND PROCEDURAL HISTORY
On Friday, November 12, 1999, plaintiff, George S. Barrios, was employed as a full-time carpenter by Lambert Construction and Maintenance, Inc. (“Lambert Construction”), which was owned by Mack Roland Lambert, Jr. (“Mack”). On that day, while en route to a cabinet job in Bogalusa, Louisiana, with his supervisor, Randy Crawford, also a full-time employee of Lambert Construction, Crawford received a phone call from Mack, instructing the men to turn around and report to the shop, to bend and load steel rods on a trailer for Lambar, Inc. (“Lambar”), a company owned by Mack’s father, Mack Roland Lambert, Sr. (“Roland”).[1] While cutting and lifting sixty-foot portions of rebar steel under Roland’s supervision, Barrios injured his back. Barrios reported his injury to Crawford that day and subsequently called the Lambert Construction office and reported his injury to Debbie Lambert, secretary for Lambert Construction.[2]
On July 21, 2004, Barrios filed a Disputed Claim for Compensation stating that his wage benefits had been improperly terminated or reduced on July 4, 2004. Specifically, Barrios alleged that Lambar’s workers’ | ¡¡compensation carrier, Ohio Casualty Group, had initially paid benefits, but had improvidently reduced his benefits from TTD to SEB, and had made irregular and tardy payments of compensation benefits and medical bills, and had applied an inappropriate average weekly wage.
On January 3, 2005, Ohio Casualty Group and Lambar filed a third-party demand against Lambert Construction and its workers’ compensation carrier, LIPCA, Inc. (“LIPCA”), contending that Barrios was a borrowed employee from Lambert Construction at the time of the accident, and that Lambert Construction and Lam- *326 bar accordingly were liable in solido for any indemnity, medical and other workers’ compensation benefits due Barrios. Thus, Ohio Casualty Group and Lambar sought reimbursement from Lambert Construction and LIPCA pursuant to LSA-R.S. 23:1031.[3] Barrios then amended his claim for compensation, contending that since he was “loaned” to the borrowing employer, Lambar, by his primary employer, Lambert Construction, at the time of the accident, Lambar and Lambert Construction were solidarily liable for his claims.
LLambert Construction and LIPCA filed exceptions of “partial no cause of action,” prematurity, and prescription, and alternative motions for summary judgment or declaratory judgment. By judgment dated June 22, 2005, the exceptions and motions were denied.
Following a hearing, the OWC judge rendered judgment on July 28, 2005, finding that although Barrios was in the general employ of Lambert Construction on the day of his accident, he had been loaned to Lambar and thus, was the borrowed employee of Lambar at the time of the accident.
The OWC judge further ruled that as the general employer, Lambert Construction and its insurer, LIPCA, and the borrowing employer, Lambar, and its insurer, Ohio Casualty Group, were jointly and soli-darily liable for benefits due plaintiff, and that the claim of Lambar and Ohio Casualty Group for contribution from Lambert Construction was well-founded. Thus, the judgment granted the third-party claim of Lambar and Ohio Casualty Group, for one-half of the benefits paid through the date of trial, i.e., $193,323.80, and imposed ongoing liability for 50 percent of any further indemnity and/or medical benefits due plaintiff.
The OWC judge further held that because Barrios was borrowed by Lambar from Lambert Construction, his appropriate compensation rate was to be calculated with reference to his earnings with Lambert Construction. As such, based on LSA-R.S. 23:1031(0 and LSA-R.S. 23:1021, Barrios’ average weekly wage was deemed to be $480.00 per week, with a resulting compensation rate of $320.16 per week. Finding that the uncontroverted evidence established that Barrios was hired as a full-time employee, never classified as a part-time employee, was normally paid $12.00 per hour and did not regularly and/or at his own discretion choose not to work when work was available, the OWC judge concluded that the presumption of a forty-fiours work week, as provided in *327 LSA-R.S. 23:1021(10)(a)(l), applied. Thus, the OWC judge granted judgment for all underpayments to date ($32.15 per week) with interest on past-due weekly benefits as they became due and continued indemnity benefits at the corrected rate of $320.16 per week.
The OWC judge further held that defendant, Ohio Casualty Group, failed to reasonably controvert the average weekly wage, but based on a pretrial stipulation of the parties, limited the penalty due Barrios to $2,000.00 and the attorney’s fees due plaintiffs counsel to $5,000.00, plus legal interest from the date of judgment. The judgment further provided that the award of penalties and attorney’s fees was limited to defendants, Lambar and Ohio Casualty Group, inasmuch as Lambert Construction and LIPCA were not initially parties to the adjustment or handling of this matter.
Finally, the judgment cast all defendants with all costs of these proceedings.
Lambert Construction and LIPCA appeal from the judgment of the OWC, contending that the OWC erred in: (1) giving insufficient weight to “objective documentary evidence”; (2) finding that Barrios was a borrowed employee of Lambert Construction at the time of his accident; and (3) awarding damages while failing to consider the effects of prescription and solidarity.
DISCUSSION
ASSIGNMENTS OF ERROR NUMBERS ONE AND TWO
Louisiana Revised Statute 23:1031(0 and the jurisprudence decided in accordance therewith set forth the standard by which one may be considered a special or borrowed employee of another employer. Pursuant to LSA-R.S. 23:1031(C), a “borrowing” or special employer can be held liable for compensation benefits where the employee is under the control and Indirection of the borrowing employer in the performance of the work. In a workers’ compensation case, the issue of whether a borrowed servant relationship exists is a matter of law for the court to determine. Gardiner v. St. Tammany Parish Sheriff’s Department, 2004-0345 (La.App. 1st Cir.12/30/04), 898 So.2d 470, 473, writ denied, 2005-0914 (La.5/20/05), 902 So.2d 1054. While there is no fixed test, the factors to be considered in determining the existence of a borrowed employee relationship include: right of control; selection of employees; payment of wages; power of dismissal; relinquishment of control by the general employer; which employer’s work was being performed at the time in question; the existence of an agreement, either implied or explicit, between the borrowing and lending employer; furnishing of instructions and place for the performance of the work; the length of employment; and the employee’s acquiescence in a new work situation. Moreover, when a general employer attempts to avoid liability for the acts of an employee by contending the employee was loaned to another employer, the general employer bears the burden of overcoming by a preponderance of the evidence the presumption that he is liable. Arabie Brothers Trucking Company v. Gautreaux, 2003-0120 (La.App. 1st Cir.8/4/04), 880 So.2d 932, 940, writ denied, 2004-2481 (La.12/10/04), 888 So.2d 846.
The evidence demonstrates that Barrios was a full-time employee of Lambert Construction. On the day of the accident herein, Barrios was en route to a job for Lambert Construction, when his supervisor received a phone call from Mack instructing them to report to Lambar’s shop to work for Lambar that day. Barrios was under the direct supervision of *328 Roland while performing the steel work for Lambar, and was unable to leave until the job was completed as per Roland’s instructions, and his wages were paid |7that day by Lambar. Barrios testified that he did not like to do heavy-duty work for Lambar and did not actively solicit the work, but likewise did not want to refuse work when it was available. In Barrios’ three to four years of employment with Lambert Construction, the only other company he worked for was Lambar, on three occasions, each pursuant to the instructions of his supervisor or Mack. At the conclusion of each of those projects, Barrios returned to his regular employment at Lambert Construction. Moreover, Roland selected the employees that he wanted to work for Lambar and could have discharged Barrios at any time if dissatisfied with his work.
After thorough review of the entire record, evidence, and transcripts in this proceeding, and considering the factual situation presented herein, we find no error in the OWC judge’s conclusion that Barrios was clearly a borrowed employee of Lam-bar at the time of his accident.
Moreover, we find no merit to the arguments by Lambert Construction and LIPCA that certain Lambert Construction and Lambar employment records contradict the express testimony of Crawford and Barrios, and that the OWC judge failed to give these documents “sufficient weight.” Instead, we find no error in the OWC judge’s determination that the testimony of Crawford and Barrios was consistent and credible, as demonstrated in the record herein. Even if we were to find their testimony was placed in doubt by some of the records, the OWC judge’s ultimate determination that their testimony was credible cannot be disturbed on review in the absence of manifest error. Barber Brothers Contracting Company, LLC v. Reilly, 2003-1365 (La.App. 1st Cir.2/23/04), 874 So.2d 194, 196.
Accordingly, we find no merit to these assignments.
| ¡ASSIGNMENT OF ERROR NUMBER THREE
Lambert Construction and LIPCA also argue that prescription and solidarity limit the amount of damages the OWC should have awarded. Lambert Construction and LIPCA contend that Barrios’ initial claim for benefits is prescribed, as it was not filed within one year of his accident. Louisiana Revised Statute 23:1209(A) provides as follows:
In case of personal injury, including death resulting therefrom, all claims for payments shall be forever barred unless within one year after the accident or death the parties have agreed upon the payments to be made under this Chapter, or unless within one year after the accident a formal claim has been filed as provided in Subsection B of this Section and in this Chapter. Where such payments have been made in any case, the limitation shall not take effect until the expiration of one year from the time of making the last payment, except that in cases of benefits payable pursuant to R.S. 23:1221(3) this limitation shall not take effect until three years from the time of making the last payment of benefits pursuant to R.S. 23:1221(1), (2), (3), or (4). Also, when the injury does not result at the time of, or develop immediately after the accident, the limitation shall not take effect until expiration of one year from the time the injury develops, but in all such cases the claim for payment shall be forever barred unless the proceedings have been begun within two years from the date of the accident. (Emphasis added; footnote omitted.)
*329 Barrios filed his Disputed Claim for Compensation on July 21, 2004, stating therein that his wage benefits were terminated or reduced on July 4, 2004. Accordingly, the claim was clearly filed within one year of the date of the last payment. This argument lacks merit.
Lambert Construction and LIPCA next argue that Lambar and Ohio Casualty Group failed to timely file their third-party contribution claim. In Grammer v. Patterson Services, Inc., 860 F.2d 639, 646 (5th Cir.1988), cert. denied, 491 U.S. 906, 109 S.Ct. 3190, 105 L.Ed.2d 698, the court of appeal stated, “we express doubt that [the prescriptive periods set forth in] section 1209 governs contribution claims for workers’ compensation payment,” relying on this court’s opinion in Employers’ Liability Assurance Incorporation v. General Accident Fire and Life Assurance Corporation, 125 So.2d 689 (La.App. 1st Cir. 1960), where we determined a claim by one solidary obligor against another solidary obligor to recover workers’ compensation payments is a claim for restitution governed by a ten-year prescriptive period. Lambert Construction and LIPCA contend, however, that since the rendition of Grammer, LSA-R.S. 23:1310.3(E), which sets forth the jurisdictional provisions for the initial filing of workers’ compensation claims, was amended to vest workers’ compensation judges with original exclusive jurisdiction over contribution claims or disputes, that contribution claims are now subject to the one-year prescriptive period set forth in LSA-R.S. 23:1209(A).
Pretermitting whether this argument has merit,[4] even assuming arguendo that LSA-R.S. 23:1209(A) applies herein, we note that the arguments of Lambert Construction and LIPCA ignore that portion of LSA-R.S. 23:1209(A) that provides that “[w]here such payments have been made in any case, the limitation shall not take effect until the expiration of one year from the time of making the last payment.” Thus, even if LSA-R.S. 23:1209(A) applies, Lambar and Ohio Casualty Group’s third-party contribution claim was timely filed within one year from the date of the last payment.
 10Moreover, payment of workers’ compensation benefits by one solidary obli-gor interrupts and suspends prescription as to both. LSA-C.C. arts. 1799 and 3503; Gardiner v. St. Tammany Parish Sheriff's Department, 2002-0394 (La.App. 1st Cir.2/14/03), 839 So.2d 470, 472; Scott v. Sears, Roebuck and Co., 99-0571 (La.App. 1st Cir.12/22/00), 778 So.2d 50, 54. Thus, the payment of benefits initially by Lam-bar and Ohio Casualty interrupted prescription as to Lambert Construction and LIPCA.
Because Barrios’ disputed claim for compensation specifically alleged “irregular and tardy payment of medical bills” we also reject as meritless them contention that “[s]ince nonpayment of medical bene *330 fits was never raised ... the contribution claim for medical payments was prescribed.” [5]
Accordingly, we find that the OWC correctly dismissed Lambert Construction and LIPCA’s exception of prescription.
CONCLUSION
After a thorough review of the record and relevant jurisprudence, we find no manifest error herein in the findings of the OWC judge, which are amply supported by the record. Moreover, we find no legal error or erroneous evidentiary ruling by the OWC judge herein. Thus, the July 28, 2005 judgment of the OWC is affirmed. This memorandum opinion is issued in accordance with Uniform Rules — Courts of Appeal, Rule 2-16.1 B. Costs of this appeal are assessed against the appellants, Lambert Construction and LIPCA.
AFFIRMED.

. The “shop” was built and owned by Lam-bar, Inc. and Roland, but was located on Mack’s property.

. Debbie Lambert was Mack’s wife. In addition to working for Lambert Construction, she also performed the secretarial and bookkeeping services for Lambar.

. Louisiana Revised Statute 23:1031 provides, with reference to borrowed employees, in pertinent part:
C. In the case of any employee for whose injury or death payments are due and who is, at the time of the injury, employed by a borrowing employer in this Section referred to as a “special employer”, and is under the control and direction of the special employer in the performance of the work, both the special employer and the immediate employer, referred to in this Section as a "general employer”, shall be liable jointly and in solido to pay benefits as provided under this Chapter. As between the special and general employers, each shall have the right to seek contribution from the other for any payments made on behalf of the employee unless there is a contract between them expressing a different method of sharing the liability. Where compensation is claimed from, or proceedings are taken against, the special employer, then, in the application of this Chapter, reference to the special employer shall be substituted for reference to the employer, except that the amount of compensation shall be calculated with reference to the earnings of the employee under the general employer by whom he is immediately employed. The special and the general employers shall be entitled to the exclusive remedy protections provided in R.S. 23:1032.

. We note that LSA-R.S. 23:1209(A) addresses claims arising "[i]n case[s] of personal injury.” Lambar and Ohio Casualty Group's third-party contribution claim is a claim by one solidary obligor seeking recovery of workers’ compensation payments from another solidary obligor. Unlike our brethren in the Third Circuit, we are unable to find clear support in the Workers' Compensation Act for the conclusion that third-party contribution claims for restitution are governed by the prescriptive period applicable to claims arising from personal injury. See Larkin v. Regis Hair Stylists, 2002-127 (La.App. 3rd Cir.5/15/02), 817 So.2d 1266 (where the court found that because jurisdiction of contribution claims is vested exclusively with the workers' compensation judge, those contribution claims are governed by the prescriptive statute for claims arising from personal injury.) Instead, we save for another day whether such third-party claims for contribution are now subject to a shorter prescriptive period.

. The prescriptive period for medical payments is one year from the date of the accident or where payments have been made, three years from the time of making the last payment. LSA-R.S. 23:1209(C).