PETTIGREW, J.
 

 |aThis matter is before us on appeal from a judgment of the Office of Workers’ Compensation (“OWC”), finding a contribution claim by TIG Insurance Company (“TIG”) against Louisiana Workers’ Compensation Corporation (“LWCC”) prescribed. For the following reasons, we affirm in part, reverse in part, and remand.
 

 
 *983
 
 FACTS AND PROCEDURAL HISTORY
 

 Carl Thomas, an employee of Louisiana Log Homes Company, Inc. (“Louisiana Log”), filed a disputed claim form with the OWC alleging he had suffered a work-related injury. TIG provided workers’ compensation insurance to Louisiana Log at the time of the accident and paid Thomas compensation benefits and medical expenses. TIG settled with Thomas and subsequently filed a claim with the OWC against LWCC alleging it also had a workers’ compensation policy in effect covering Louisiana Log on the date of the alleged accident. TIG asserted LWCC was a soli-dary obligor in relation to workers’ compensation benefits previously paid to Thomas by TIG, and as such, was liable to TIG for one-half of its expenditure associated with the handling and settlement of Thomas’ compensation claim, or $53,397.94, plus costs and judicial interest.
 

 In response to TIG’s claim, LWCC filed an exception raising the objection of prescription, arguing that TIG failed to timely file its contribution claim. Noting that the last payment of workers’ compensation benefits to Thomas by TIG was on July 9, 2002, and that TIG’s claim against LWCC was not filed until April 25, 2006, LWCC alleged that pursuant to the prescriptive periods set forth within La. R.S. 23:1209, any claim TIG had against LWCC for contribution was prescribed. On April 20, 2007, after hearing argument from the parties, and considering the documentary evidence introduced into the record by TIG, the OWC judge agreed that TIG’s claim was prescribed pursuant to La. R.S. 23:1209. In a judgment rendered May 7, 2007, the OWC judge sustained LWCC’s prescription exception, dismissing, with prejudice, TIG’s contribution claim against LWCC. It is from this judgment that TIG has appealed.
 

 PRESCRIPTION
 

 If the facts alleged in a petition do not show that a claim has prescribed, the burden is on the party raising the objection of prescription to prove it. Conversely, if a claim is prescribed on the face of the pleadings, the burden is on the plaintiff to show that prescription has not tolled because of an interruption or a suspension of prescription.
 
 Bracken v. Payne and Keller Co., Inc.,
 
 2006-0865, p. 4 (La.App. 1 Cir. 9/5/07), 970 So.2d 582, 587. At the trial of a peremptory exception, evidence may be introduced to support or controvert any of the objections pleaded, when the grounds thereof do not appear from the petition. La.Code Civ. P. art. 931. Generally, in the absence of evidence, the objection of prescription must be decided on the facts alleged in the petition, and all allegations thereof are accepted as true.
 
 Boudreaux v. Angelo Iafrate Const.,
 
 2003-2260, p. 3 (La.App. 1 Cir. 2/4/05), 895 So.2d 596, 598.
 

 If evidence is introduced at the hearing on the peremptory exception raising the objection of prescription, the district court’s findings of fact are reviewed under the manifest error or clearly wrong standard of review.
 
 Oil Ins. Ltd. v. Dow Chemical Co.,
 
 2007-0418, p. 7 (La.App. 1 Cir. 11/2/07), 977 So.2d 18, 22,
 
 writ denied,
 
 2007-2319 (La.2/22/08), 976 So.2d 1284;
 
 see Stobart v. State through Dept. of Transp. and Development,
 
 617 So.2d 880, 882-883 (La.1993). Essentially, if the findings are reasonable in light of the record reviewed in its entirety, an appellate court may not reverse even though convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently.
 
 Oil Ins. Ltd.,
 
 2007-0418 at 7, 977 So.2d at 23.
 

 DISCUSSION
 

 Louisiana Revised Statutes 23:1209 addresses the prescriptive period
 
 *984
 
 for workers’ compensation claims, providing as follows:
 

 A. In case of personal injury, including death resulting therefrom, all claims for payments shall be forever barred unless within one year after the accident or death the parties have agreed upon the payments to be made under this Chapter, or unless within one year after the accident a formal claim has been filed as provided in Subsection B of this Section and in this Chapter. Where such payments have been made in any case, the limitation shall not take effect until the expiration of one year from the |4time of making the last payment, except that in cases of benefits payable pursuant to R.S. 23:1221(3) this limitation shall not take effect until three years from the time of making the last payment of benefits pursuant to R.S. 23:1221(1), (2), (3), or (4). Also, when the injury does not result at the time of, or develop immediately after the accident, the limitation shall not take effect until expiration of one year from the time the injury develops, but in all such cases the claim for payment shall be forever barred unless the proceedings have been begun within two years from the date of the accident.
 

 B. Any claim may be filed with the director, office of worker’s compensation, by delivery or by mail addressed to the office of worker’s compensation. The filing of such claims shall be deemed timely when the claim is mailed on or before the prescription date of the claim. If the claim is received by mail on the first legal day following the expiration of the due date, there shall be a rebuttable presumption that the claim was timely filed. In all cases where the presumption does not apply, the timeliness of the mailing shall be shown only by an official United States postmark or by official receipt or certificate from the United States Postal Service made at the time of mailing which indicates the date thereof.
 

 C. All claims for medical benefits payable pursuant to R.S. 23:1203 shall be forever barred unless within one year after the accident or death the parties have agreed upon the payments to be made under this Chapter, or unless within one year after the accident a formal claim has been filed with the office as provided in this Chapter. Where such payments have been made in any case, this limitation shall not take effect until the expiration of three years from the time of making the last payment of medical benefits.
 

 D. When a petition for compensation has been initiated as provided in Section 1310.3, unless the claimant shall in good faith request a hearing and final determination thereon within five years from the date the petition is initiated, same shall be barred as the basis of any claim for compensation under the Worker’s Compensation Act and shall be dismissed by the office for want of prosecution, which action shall operate as a final adjudication of the right to claim compensation thereunder.[
 
 1
 
 ]
 

 Thus, under La. R.S. 23:1209(A), claims are barred unless filed within: (1) one year from the date of the accident; (2) one year from the last compensation payment for
 
 *985
 
 total disability or three years from the last payment for partial disability; or (3) one year from the time the injury develops if not immediately manifested, but, in any event, no more than two years after the accident. Additionally, La. R.S. 23:1209(0) provides that a claim for medical benefits prescribes one year from the date of the accident unless payments have been agreed upon, or unless a claim is filed within one year of the | r,accident. Where payments have been made, the claim prescribes three years from the date of the last payment of medical benefits.
 
 Hudson v. East Baton Rouge Parish School Bd.,
 
 2002-0987, p. 4 (La.App. 1 Cir. 3/28/03), 844 So.2d 282, 286.
 

 On appeal, however, TIG asserts that La. R.S. 23:1209 is not a general prescriptive period applicable to all claims brought in workers’ compensation courts. TIG argues that because TIG and LWCC were both contractually liable to Thomas for workers’ compensation benefits, and because TIG paid $106,795.89 in benefits and expenses incurred as a result of Thomas’ work-related accident, TIG was legally subrogated to its obligee’s (Thomas) rights to recover from LWCC one half of these total expenditures incurred by TIG based on La. Civ.Code arts. 1804 and 1829. Citing this court’s opinion in
 
 Employers’ Liability Assur. Corp. v. General Acc. Fire & Life Assur. Corp.,
 
 125 So.2d 689 (La.App. 1 Cir.1960), TIG maintains that a claim by one solidary obligor against another solidary obligor to recover workers’ compensation payments is a claim for restitution governed by a ten-year prescriptive period as set forth in La. Civ.Code art. 3499.
 
 [2]
 

 LWCC responds in brief that TIG did not introduce any evidence at the hearing on the prescription exception to establish that the alleged work-related accident did in fact occur, and if so, the nature and extent of any injuries and disability sustained by Thomas as a result of the accident. Moreover, LWCC maintains there has been no evidence submitted that would establish solidary liability. Thus, LWCC contends the only issue before this court is whether the contribution claim by TIG against LWCC has prescribed. Noting that TIG’s last payment of workers’ compensation benefits to Thomas was on July 9, 2002, and that TIG did not file the instant claim against LWCC until April 25, 2006, LWCC alleges that pursuant to the prescriptive periods set forth within La. R.S. 23:1209, any claim TIG had against LWCC for contribution was clearly prescribed.
 

 We initially note that TIG’s reliance on
 
 Employers’, supra,
 
 in support of its ^assertion that the ten-year prescriptive period found in Article 3499 applies to its contribution claim against LWCC is misplaced. In
 
 Employers’,
 
 a dispute arose as to whether the insurer at the time of a work-related accident or the insurer at the time a disability developed was required to pay benefits, and the latter party paid in order to avoid possible penalties. Thereafter, in a suit for recovery of benefits paid by plaintiff insurer, defendant insurer sought to interject prescription of one year pursuant to La. R.S. 23:1209. By reference to cases involving La. Civ.Code art. 2302
 
 (Girod v. Barbe,
 
 153 So. 326 (La.App. 1 Cir.1934);
 
 Smith v. Phillips,
 
 175 La. 198, 143 So. 47 (La.1932);
 
 Lagarde v. Dabon,
 
 155 La. 25, 98 So. 744 (La.1923)), this court held that the relief sought by plaintiff insurer at the time of the employee’s disability was for restitution, and therefore, the
 
 *986
 
 applicable prescriptive period was ten years.
 
 [3]
 

 Employers’,
 
 125 So.2d at 693.
 

 In the instant case, there has been no payment of the debt of another person and a subsequent claim for restitution as in
 
 Employers’.
 
 Rather, TIG has admitted workers’ compensation liability to Thomas, and is now relying on statutory articles governing solidary liability and legal sub-rogation in its contribution claim against LWCC. Thus,
 
 Employers’
 
 is easily distinguishable from the case before us now.
 

 The issue of which prescriptive period is applicable to cross-claims between employers or workers’ compensation insurers for contribution is
 
 res nova
 
 in this circuit.
 
 [4]
 
 However, the issue has been squarely addressed by the third circuit in
 
 Larkin v. Regis Hair Stylists,
 
 2002-127 (La.App. 3 Cir. 5/15/02), 817 So.2d 1266, and we find the third circuit’s analysis of same very helpful in our review of the appeal currently before us.
 

 |7In
 
 Larkin,
 
 the plaintiff injured her back while moving boxes on October 21, 1999, during the course and scope of her employment with Regis Hair Stylists. She filed a workers’ compensation claim against Regis on March 23, 2000. Regis and its workers’ compensation insurer, Atlantic Mutual, filed a third party demand against plaintiffs previous employer, Books-A-Million, and its workers’ compensation insurer, Travelers Insurance Company, asserting that plaintiff had suffered a back injury while employed with Books-A-Million in 1996. Books-A-Million and Travelers filed an exception raising the objection of prescription, arguing that the one-year prescriptive period of La. R.S. 23:1209 had expired. The trial court granted the prescription exception.
 
 Larkin,
 
 2002-127 at 1-2, 817 So.2d at 1266-1267.
 

 In addressing the issue on appeal, the third circuit noted that in 1997, the legislature amended La. R.S. 23:1310.3(E) to provide as follows:
 

 E. Except as otherwise provided by R.S. 23:1101(D) and 1378(E), the workers’ compensation judge shall be vested with original, exclusive jurisdiction over all claims or disputes arising out of this Chapter, including but not limited to workers’ compensation insurance coverage disputes, employer demands for recovery for overpayment of benefits, the determination and recognition of employer credits as provided for in this Chapter, and cross-claims between employers or workers’ compensation insurers for indemnification or contribution. [Emphasis added.]
 

 The
 
 Larkin
 
 court continued, finding that the amendment to La. R.S. 23:1310.3(E) “clearly granted original and exclusive jurisdiction of claims between insurers for contribution to the Office of Workers’
 
 *987
 
 Compensation.”
 
 Larkin,
 
 2002-127 at 3, 817 So.2d at 1268. The court further noted, “[La.] R.S. 23:1209 provides that
 
 ‘all claims
 
 for payments shall be forever barred’ unless brought within one year. R.S. 23:1209 does not grant any exceptions or extensions for a contribution claim filed by an insurer against another beyond the one year period.”
 
 Larkin,
 
 2002-127 at 3-4, 817 So.2d at 1268.
 
 [5]
 
 The court ultimately concluded, “[g]iven the contribution claim Regis attempts to advance falls within the purview of the Workers’ Compensation Act, the one year prescriptive period |8of R.S. 23:1209, which pertains to all claims brought under the Workers’ Compensation Act, is applicable in this case.”
 
 Larkin,
 
 2002-127 at 5, 817 So.2d at 1268. Accordingly, the third circuit affirmed the ruling of the trial court that the claim by Regis and Atlantic Mutual for contribution had prescribed.
 

 In oral reasons for judgment, the OWC judge in the instant case acknowledged that this circuit had not “spoken to this precise issue since the amendment in '97 to [La. R.S.] 1310.3.” The OWC judge agreed with the
 
 Larkin
 
 court’s reasoning, noting as follows:
 

 I feel that in '97 when the cross claims jurisdiction was added to the workers’ compensation court that had the legislature felt that a special prescriptive period for those claims should have been presented in the Act, they had the opportunity to do so. They did not change prescription under 1209 in any way to adopt or to change with the additional subject matter jurisdiction of cross claims. 1209 does say, “All claims.” 1209 has been here for a very long time, much earlier than the 1997 amendment and when it came into play, that was not here. The legislature certainly could have increased the time limit for insurance cross claims had they so desired and nobody, in my mind, is more in the know than the two insurance companies as to this overlapping of coverage. I don’t really know why TIG waited so long to ask for contribution. It’s been almost four years since they paid this claim. It’s always been my feeling that the reason you have such a long prescriptive period in the civil code of personal actions was to give people time to discover that they had a cause of action. You might get hurt and not realize it or you might not be able to find the person that hurt you or what have you, but I’m sure that the employer knew pretty early on that they had policies that overlapped. One expired after the date of the accident and the other began before the date of the accident. It just seems that this is a classic case that should sit under 1209 because all the knowledge is there to ask for the contribution and file the cross claim in the workers’ compensation court. This accident happened after the '97 incident, so it’s not like, we weren’t sure whether we should get in district court or what have you. The time line still — you would have had — I would say you have had at least three years because who could say that the money in the settlement was for SEB, medicals, or — you would have the optimal time of three years to file.
 

 I think that the reasoning the third circuit uses with regard to the amendment and my own feeling that if the legislature wanted to add a better prescriptive period for cross claims, they had
 
 *988
 
 the opportunity when they added the jurisdiction, puts it squarely in 1209.
 

 Having reviewed the record before us and the applicable statutory law and jurisprudence, we agree with the third circuit’s reasoning that until the Legislature expresses itself to the contrary, the prescriptive period applicable to cross claims between employers or workers’ compensation insurers for indemnification or | ¡icontribution is found in La. R.S. 23:1209. Accordingly, based on the evidence, TIG’s claim for contribution as it relates to disability benefits it paid to Thomas is clearly prescribed. However, our inquiry does not end here.
 

 As noted by the OWC judge, not knowing what the “money in the settlement was for,” whether it was for medical benefits or supplemental earnings benefits, TIG would have had up to three years to file its contribution claim and failed to do so.
 
 See
 
 La. R.S. 23:1209(A), (C). Instead, TIG waited until almost four years had elapsed from the date of the last payment to Thomas to initiate its claim against LWCC. Pursuant to the prescriptive periods set forth in La. R.S. 23:1209, TIG’s claim for contribution is prescribed on its face. Therefore, the burden shifted to TIG to show that an interruption or suspension of prescription occurred.
 

 Although not raised by the parties on appeal, we note a possible interruption of prescription by a prior suit filed by TIG against LWCC concerning TIG’s claim for contribution. Louisiana Civil Code article 3462 provides for interruption of prescription by filing of suit or by service of process as follows:
 

 Prescription is interrupted when the owner commences action against the possessor, or when the obligee commences action against the obligor, in a court of competent jurisdiction and venue. If action is commenced in an incompetent court, or in an improper venue, prescription is interrupted only as to a defendant served by process within the prescriptive period. [Emphasis added.]
 

 See Woods v. State, Dept. of Health and Hospitals,
 
 2008-0257, p. 8 (La.App. 1 Cir. 6/6/08), 992 So.2d 1050, 1055,
 
 writ denied,
 
 2008-2426 (La.12/19/08), 996 So.2d 1133. Moreover, La. Civ.Code art. 3466 provides, “If prescription is interrupted, the time that has run is not counted. Prescription commences to run anew from the last day of interruption.”
 

 According to the record, TIG had previously filed a suit against LWCC in the 19th Judicial District Court seeking contribution from LWCC regarding benefits TIG paid to Thomas following the accident at issue. While there are no file stamped copies of the pleadings in the record before us, TIG did introduce copies of the pleadings into evidence at the hearing on the prescription exception. The copy of the petition | ^indicates it was prepared on August 23, 2004. The copy of LWCC’s answer and exception raising the objection of lack of subject matter jurisdiction appears to have been prepared on September 22, 2004. Pursuant to La.Code Evid. art. 202, we take judicial notice of LWCC’s writ application to this court from the trial court’s denial of LWCC’s exception raising the objection of subject matter jurisdiction.
 
 See TIG Ins. Co. v. Louisiana Workers’ Compensation Corp.,
 
 2004-2608, p. 6 (La.App. 1 Cir. 6/10/05), 917 So.2d 26, 29,
 
 writ denied,
 
 2005-1821 (La.1/27/06), 922 So.2d 553, wherein this court held that La. R.S. 23:1310.3 clearly and explicitly places jurisdiction over a claim for subrogation between workers’ compensation insurers, pursuant to workers’ compensation coverage, within the scope of the OWC. Thus, although we do not know the exact filing dates of these
 
 *989
 
 pleadings or the date that LWCC was served, we presume that there was service of process sometime prior to September 22, 2004, which would have been within the original prescriptive period for medical benefits and/or supplemental earnings benefits. Accordingly, if TIG did in fact make any such payments to Thomas, prescription as to these claims may have been interrupted, and said prescription would not have commenced to run again, anew, until the judgment from the 19th Judicial District Court case was final.
 
 See
 
 La. Civ.Code art. 3466.
 

 DECREE
 

 For the above and foregoing reasons, we affirm the judgment of the OWC as it relates to disability benefits paid to Thomas. As it relates to any payments of medical benefits or supplemental earnings benefits, we reverse the judgment of the OWC and remand the matter for further proceedings consistent with this opinion. All costs associated with this appeal are assessed against TIG Insurance Company.
 

 AFFIRMED IN PART, REVERSED IN PART, REMANDED.
 

 CARTER, C.J., and GUIDRY, J., concur.
 

 [1]
 

 . Although this is the version of La. R.S. 23:1209 in effect at all pertinent times hereto, we note that the statute was amended by Acts 2008, No. 220, § 8. Said amendment simply inserted paragraph designations in subsec. A; in par. (A)(3), substituted ''When” for "Also, when”; in the first sentence of subsec. B, substituted "workers’" for "worker's” twice; and in subsec. D, substituted "R.S. 23:1310.3” for "Section 1310.3” and "that claim” for “same”.
 

 [2]
 

 . Louisiana Civil Code article 3499 provides that “[u]nless otherwise provided by legislation, a personal action is subject to a libera-tive prescription of ten years.”
 

 [3]
 

 . Louisiana Civil Code article 2302 provides, in pertinent part, as follows, concerning the payment of the debt of another: "A person who paid the debt of another person in the erroneous belief that he was himself the obli-gor may reclaim the payment from the obli-gee. ... In such a case, the person who made the payment has a recourse against the true obligor.”
 

 [4]
 

 .
 
 In Barrios v. Lambar, Inc.,
 
 2006-0324 (La.App. 1 Cir. 12/28/06), 951 So.2d 323, third party defendants in a workers' compensation contribution claim urged a prescription exception, arguing that based on the amendment to La. R.S. 23:1310.3(E), workers' compensation contribution claims are now subject to the one-year prescriptive period set forth in La. R.S. 23:1209. Finding that the third-party contribution claim was timely filed within one year from the date of the last payment of workers' compensation benefits (see La. R.S. 23:1209(A)(2)), this court preter-mitted consideration of which prescriptive period was, in fact, applicable to third-party claims for contribution.
 
 Barrios,
 
 2006-0324 at 9 n. 4, 951 So.2d at 329 n. 4.
 

 [5]
 

 . As the claim in
 
 Larkin
 
 was a claim for temporary total disability benefits, the one-year prescriptive period of La. R.S. 23:1209 was clearly applicable. However, as previously noted, there are different prescriptive periods applicable for supplemental earnings benefits and medical benefits that were not at issue in
 
 Larkin.