991 So.2d 464 (2008)
George S. BARRIOS
v.
LAMBAR, INC. and Ohio Casualty Group.
No. 2007 CA 2070.
Court of Appeal of Louisiana, First Circuit.
May 2, 2008.
*465 Pete Lewis, New Orleans, LA, for Plaintiff/Appellee, George Barrios.
Eric J. Waltner, Jacques P. Soileau, Lafayette, LA, for Defendant/Appellant, Lambar, Inc.
E. Scott Hackenburg, Baton Rouge, LA, for Defendant/Appellee, Lambert Construction & Maintenance, Inc. and LIPCA, Inc.
Before WHIPPLE, GUIDRY, and HUGHES, JJ.
WHIPPLE, J.
Lambar, Inc. ("Lambar") and its insurer, Ohio Casualty Group, appeal from a judgment of the Office of Workers' Compensation (OWC), which found that Lambert Construction and Maintenance, Inc. ("Lambert") and its insurer, LIPCA, Inc., ("LIPCA"), violated LSA-R.S. 23:1201(G) by failing to timely pay on a final judgment previously rendered. The judgment awarded Lambar legal interest and attorney's fees, but refused to award penalties. For the following reasons, we affirm, as amended, and remand with instructions.

FACTS AND PROCEDURAL HISTORY
On November 12, 1999, George Barrios, a Lambert employee, suffered a work-related injury and filed a disputed claim for compensation benefits. On July 28, 2005, the OWC judge rendered judgment in his favor,[1] finding that at the time of the underlying accident, Barrios had been "loaned" to Lambar, Inc. by his general employer, Lambert, and that Barrios was performing work for Lambar at the time of his injury. Accordingly, the OWC concluded that because Barrios was the "borrowed employee" of Lambar, that Lambert, and its insurer, LIPCA, and Lambar, and its insurer, Ohio Casualty Group, were jointly and solidarity liable for the benefits due Barrios as a result of the accident. The judgment further ordered that Lambert and LIPCA pay Lambar and Ohio Casualty Group one-half of the benefits that had been paid through the date of trial, i.e., $193,323.80, and imposed ongoing liability for 50% of any further indemnity and/or medical benefits due Barrios. The judgment further cast the defendants for all underpayments to date ($32.15 per week) with interest on past-due weekly benefits as they became due, and for continued indemnity benefits at the rate of $320.16 per week. Lambert and LIPCA appealed the OWC judgment, challenging the determination that Barrios was a "borrowed employee" of Lambar and the amount and basis of benefits resulting from this finding. On review, in an opinion handed down on December 28, 2006, this court affirmed. See Barrios v. Lambar, Inc., XXXX-XXXX (La.App. 1st Cir.12/28/06), 951 So.2d 323.
On March 16, 2007, however, Lambar and Ohio Casualty Group filed a "Motion for Penalties and Attorney Fees for Failure to Pay Judgment Under LSA-R.S. 23:1201G." Therein, Lambar contended that since this Court's notice of judgment *466 mailed on December 28, 2006, no payments had been made on the awards set forth in the judgment by Lambert or LIPCA. Thus, Lambar and Ohio Casualty Group sought statutory penalties, in the amount of 24% of the amounts awarded in the judgment, and attorney's fees pursuant to LSA-R.S. 23:1201(G), based on Lambert and LIPCA's failure to pay the amounts due under the final judgment.
Lambert and LIPCA opposed the motion for penalties and attorney's fees, contending that any failure to pay was excusable, in that a "breakdown" for medical and indemnity was required in order to process the amounts awarded, as "LIPCA's system required that [the checks] be issued separately." As further justification, LIPCA alleged that "[a]pparently, [Ohio Casualty Group] was in no hurry to receive the funds and had decided not to cooperate any further with LIPCA" and that the failure to pay was excusable as Ohio Casualty Group purportedly did not provide them with a breakdown of medical and indemnity expenses. Nonetheless, after the filing of the motion for penalties and attorney's fees, LIPCA eventually tendered two checks to Ohio Casualty Group, totaling $193,323.80 and representing one-half of the benefits that had been paid through the date of trial, as awarded in the July 28, 2005 judgment.[2]
The motion for penalties and attorney's fees was argued before the OWC judge on April 13, 2007. On May 2, 2007, the OWC judge rendered judgment finding that Lambert and LIPCA were liable "as a matter of law" for legal interest on all amounts awarded by the judgment rendered on October 25, 2005, and that the amount of legal interest owed on the $193,323.80 sum through the date of payment on March 23, 2007 amounted to $21,752.90. The OWC judge further found Lambert and LIPCA liable to Ohio Casualty Group and Lambar for attorney's fees in the amount of $3,000.00 for their failure to timely pay the final judgment, pursuant to the provisions of LSA-R.S. 23:1201(G).
Lambar and Ohio Casualty now appeal the May 2, 2007 judgment in their favor, contending: (1) the OWC judge erred in failing to award penalties after finding a violation of LSA-R.S. 23:1201(G) had occurred; and (2) that they are entitled to and should be awarded additional attorney's fees for the work done on appeal.

DISCUSSION

Assignment of Error Number One
Louisiana Revised Statute 23:1201(G) governs the payment of a final nonappealable judgment under Louisiana Workers' Compensation Law and provides for penalties and attorney's fees as follows:
If any award payable under the terms of a final, nonappealable judgment is not paid within thirty days after it becomes due, there shall be added to such award an amount equal to twenty-four percent thereof or one hundred dollars per day together with reasonable attorney fees, for each calendar day after thirty days it remains unpaid, whichever is greater, which shall be paid at the same time as, and in addition to, such award, unless such nonpayment results from conditions over which the employer had no control. No amount paid as a penalty under this Subsection shall be included in any formula utilized to establish premium *467 rates for workers' compensation insurance. The total one hundred dollar per calendar day penalty provided for in this Subsection shall not exceed three thousand dollars in the aggregate.
(Emphasis added.)
Awards of penalties and attorney fees in workers' compensation cases are essentially penal in nature, and are imposed to deter indifference and undesirable conduct by employers and their insurers toward injured workers. Trahan v. Coca Cola Bottling Company United, Inc., XXXX-XXXX (La.3/2/05), 894 So.2d 1096, 1108. While the benefits conferred by the Workers' Compensation Act are to be liberally construed, penal statutes are to be strictly construed. Trahan v. Coca Cola Bottling Company United, Inc., 894 So.2d at 1108. Thus, LSA-R.S. 23:1201(G) is a penal statute which must be strictly construed. Smith v. Quarles Drilling Company, XXXX-XXXX (La.10/29/04), 885 So.2d 562, 566. Notably, the application of LSA-R.S. 23:1201(G) concerns an employer's obligation, which arises neither because of a plaintiff's accident nor because of plaintiffs prior employment with an employer, but rather because of the employer's conduct after a final judgment. See McCoy v. KMB Transport, Inc., 98-1018 (La.App. 1st Cir.5/14/99), 734 So.2d 886, 890, writ denied, 99-2295 (La.11/24/99), 750 So.2d 986.
In the instant matter, notice of the judgment of this court, affirming the OWC's initial judgment, was mailed on December 28, 2006. See Barrios v. Lambar, Inc., XXXX-XXXX (La.App. 1st Cir.12/28/06), 951 So.2d 323. No applications for writ of certiorari were lodged with the Supreme Court. Thus, the judgment of the court of appeal became final thirty days later, on January 29, 2007.[3]See LSA-C.C.P. art. 2166. Pursuant to LSA-R.S. 23:1201(G), Lambert and LIPCA had thirty calendar days from January 29, 2007, to pay the amounts awarded by the judgment or "there shall be added to such award an amount equal to twenty-four percent thereof or one hundred dollars per day together with reasonable attorney fees." LSA-R.S. 23:1201(G). Lambert and LIPCA failed to pay the amounts awarded by the judgment within thirty days.
As a defense, LIPCA acknowledges "that payments owed to Ohio Casualty through the date of trial were fixed at $193,323.80," but contends that the failure to pay was excused because LIPCA was not provided with the "detailed backup" for any and all payments made since the judgment that LIPCA had requested. LIPCA further contends that the motion for penalties and attorney fees for failure to pay the judgment under LSA-R.S. 23:1201(G) "came as a complete surprise" to LIPCA and its counsel as "it was believed that the adjusters were working on the matter."
Ohio Casualty Group contends on appeal that despite the clear mandate set forth in the final judgment, LIPCA began making unwarranted demands for different categorizations of the amounts owed under the judgment before LIPCA would willingly satisfy the judgment. Ohio Casualty Group claims that at first, it cooperated with LIPCA and provided LIPCA with the information requested, even though this information had already been submitted to LIPCA prior to trial. However, no effort on their part was satisfactory to LIPCA and no number was ever sufficient. According to Ohio Casualty Group, this "haggling" continued for a period of months, until the decision was made by Ohio Casualty *468 Group to finally file its March 16, 2007 motion for penalties and attorney's fees for LIPCA's failure to timely pay the judgment pursuant to LSA-R.S. 23:1201(G).
A review of the record shows that, in fact, the adjusters for both insurers were in communication with each other. Moreover, it is also evident, based upon a reading of the written correspondence related thereto, that the adjuster for LIPCA improperly refused to authorize or pay any amounts awarded by the judgment. In particular, he refused to authorize payment of the amount awarded for one-half of the benefits paid to Barrios through the date of trial as fixed by the judgment, i.e., the $193,323.80, until he could determine which portion of the total was for medical expenses and which portion of the total was for indemnity. In an email from LIPCA's adjuster to Ohio Casualty Group's adjuster dated March 22, 2007, the LIPCA adjuster wrote:
Again just requesting the $193,323.80 broken down into meds and indemnity. Our system will not allow us to cut one check, it has to be separated. Thanks.
Thus, despite the clear terms of the judgment previously fixing the amount due after trial, the only explanation of record for LIPCA's delay and/or refusal to pay within thirty days was LIPCA's contention that its "system" would not allow it to cut one check, and that LIPCA needed the amount awarded in the judgment "broken down" into medical expenses and indemnity.
When a law is clear and unambiguous and its application does not lead to absurd consequences, the law shall be applied as written, and no further interpretation may be made in search of the legislature's intent. LSA-C.C. art. 9; LSA-R.S. 1:4.
Louisiana Revised Statute 23:1201(G) clearly states that if any award payable under the terms of a final, nonappealable judgment is not paid within thirty days after it becomes due, there shall be added to such award an amount equal to twenty-four percent thereof or one hundred dollars per day together with reasonable attorney fees, for each calendar day after thirty days it remains unpaid, whichever is greater, which shall be paid at the same time as, and in addition to, such award, unless such nonpayment results from conditions over which the employer had no control. In construing statutes, the word "shall" is mandatory. LSA-C.C.P. art. 5053.
The OWC judge awarded Lambar and Ohio Casualty Group attorney's fees in the amount of $3,000.00 based on the finding that Lambert and LIPCA violated LSA-R.S. 23:1201(G). Yet, despite finding a violation of LSA-R.S. 23:1201(G), the OWC judge failed to award Lambar and Ohio Casualty Group penalties as mandated by the statute. See LSA-R.S.23:1201(G). Considering the mandatory language set forth in LSA-R.S. 23:1201(G), we find that the OWC judge erred in failing to award statutory penalties to Lambar and Ohio Casualty Group. See Trahan v. Coca Cola Bottling Company United, Inc., 894 So.2d at 1108.
Accordingly, we amend the May 2, 2007 judgment of the OWC judge to award Lambar and Ohio Casualty Group penalties at the statutory rate of 24% of the award for the failure of Lambert and LIPCA to timely pay the amounts awarded in the October 25, 2005 judgment.
The October 25, 2005 judgment ordered that Lambert and LIPCA pay the following awards to Lambar and Ohio Casualty Group (as reinstated from the July 28, 2005 judgment): (1) one-half of benefits paid through the date of trial ($193,323.80); (2) one-half of future indemnity and medical benefits; and (3) judgment for all underpayments to date ($32.15 per week) *469 with interest on past due weekly benefits as they became due and continued indemnity benefits at the proper rate of $320.16 per week. At the time of the filing of Lambar and Ohio Casualty Group's motion for penalties and attorney's fees, no payments had been made by Lambert and LIPCA.
Accordingly, we remand this matter to the OWC judge with instructions to conduct a hearing within 14 days of the date of notice of judgment herein to calculate the precise dollar amount of the penalties due at the statutory rate of 24% of the amounts awarded in the October 25, 2005 judgment.

Assignment of Error Number Two
In their second assignment of error, Lambar and Ohio Casualty Group contend that they are entitled to additional attorney's fees for their work on this appeal. We agree. Accordingly, Lambar and Ohio Casualty Group are awarded attorney's fees in the amount of $1,500.00 for work done in the appeal of this matter.

CONCLUSION
For the above stated reasons, the May 2, 2007 judgment of the OWC judge is amended to award Lambar and Ohio Casualty Group statutory penalties of 24% of the amounts awarded in the October 25, 2005 judgment that Lambert and LIPCA were ordered to pay, and attorney's fees in the amount of $1,500.00. As amended, the judgment is affirmed. This matter is remanded to the OWC with instructions to conduct a hearing within the 14 days of the date of notice of judgment, to calculate and determine the precise amount owed as the penalty awards.
Costs of this appeal are assessed against the defendant/appellees, Lambert Construction and Maintenance, Inc. and LIPCA, Inc.
AFFIRMED AS AMENDED, AND REMANDED WITH INSTRUCTIONS.
GUIDRY, J., concurs.
HUGHES, J., concurs.
NOTES
[1] Although judgment was initially rendered on July 28, 2005, a motion for new trial was filed by Lambar. On October 25, 2005, the OWC judge granted the motion for new trial for the sole purpose of allowing the deposition of Mack Roland Lambert, Sr. into evidence for consideration. Subsequently, on that same date, the OWC judge rendered a "Final Judgment" wherein the judge "reinstated in [its] entirety" the previous judgment of July 28, 2005.
[2] One check was identified as "Medical Per Judgment" in the amount of $152,346.68 and another check was identified as "Indemnity Per Judgment" in the amount of $40,977.12, for a total of $193,323.80. Although the checks were dated March 23, 2007, Ohio Casualty contends that it did not receive the checks until April 18, 2007.
[3] Although thirty days from the December 28, 2006 notice of judgment would be January 27, 2007, we note that January 27, 2007, was a Saturday.