WHIPPLE, J.
 

 |2This matter is again before us on appeal by defendants, Lambar, Inc. (“Lam-bar”) and its insurer Ohio Casualty Group (“Ohio Casualty”), after the Office of Workers’ Compensation (“OWC”) judge failed to calculate and order the payment of penalties previously determined by this court to be due by co-defendants, Lambert Construction and Maintenance, Inc. (“Lambert Construction”) and its insurer, LIPCA, Inc. (“LIPCA”), despite this court’s prior judgment and instructions on remand.
 
 [1]
 
 Finding merit to the appeal, we again vacate the judgment of the OWC and remand.
 

 BACKGROUND FACTS AND PROCEDURAL HISTORY
 

 In
 
 Barrios v. Lambar, Inc.,
 
 2007-2070 (La.App. 1st Cir.5/2/08), 991 So.2d 464, 469, this court held that the OWC judge had erred in failing to award statutorily mandated penalties owed by Lambert Construction and LIPCA for their failure to pay various benefits awarded by the OWC judge, and affirmed on appeal, as identified and set forth by this court in our May 2, 2008 opinion. Thus, the matter was remanded to the OWC judge for a hearing “to calculate the precise dollar amount of the penalties due at the statutory rate of 24% of the amounts awarded in the October 25, 2005 judgment.” (Emphasis added). Despite these instructions, on remand, the OWC judge only ordered Lambert Construction and LIPCA to pay penalties fixed as $46,397.71 for their failure to pay their half of benefits paid by Lambar through trial,
 
 ie.,
 
 $193,323.80, within thirty days of the October 25, 2005 judgment, plus legal interest on the penalty sum from May 2, |32007, until paid.
 
 [2]
 

 
 *125
 
 From this “Amended Judgment,” rendered by the OWC judge on June 5, 2008, Lambar and Ohio Casualty appeal, contending that the OWC committed legal error in: (1) failing to calculate and render judgment for the full amount of previously awarded penalties pursuant to LSA-R.S. 23:1201(G) (and this court’s published opinion of May 2, 2008) on the untimely paid portion of the October 25, 2005 judgment,
 
 ie.,
 
 Lambert’s share of the parties’ obligations for accrued indemnity and medical benefits, amounting to $144,639.11, paid as of the October 24, 2005 judgment, and continuing thereafter;
 
 [3]
 
 (2) failing to calculate and award judicial interest owed on the untimely paid portion of the October 25, 2005 judgment for Lambert Construction and LIPCA’s one-half of the parties’ continuing obligations for indemnity and medical benefits amounting to $144,639.11; and (3) failing to award judicial interest on the 24% penalty for the untimely paid portion of the October 25, 2005 judgment representing one-half of the continuing obligations for indemnity and medical benefits amounting to $144,639.11. Additionally, Lambar and Ohio Casualty contend that they are entitled to additional attorney’s fees in connection with their work on appeal. We agree.
 

 UDISCUSSION
 

 As noted in our previous opinion of May 2, 2008, the October 25, 2005 OWC judgment
 
 [4]
 
 at issue ordered therein that Lambert and LIPCA pay the following to Lambar and Ohio Casualty: (1) one-half of benefits paid through the date of trial ($193,323.80); (2) one-half of future indemnity and medical benefits; and (3) judgment for all underpayments to date ($32.15 per week), with interest on past due weekly benefits as they became due and continued indemnity benefits at the rate of $320.16 per week. As noted above in
 
 Barrios v. Lambar, Inc.,
 
 991 So.2d at 468-469, we specifically determined that the OWC judge erred in failing to award mandatory statutory penalties for these specifically identified delinquent payments due as on-going obligations. Thus, we amended the judgment to award Lambar and Ohio Casualty penalties on the amounts awarded at the statutory rate of 24% for the failure of Lambert and LIPCA to timely pay the amounts awarded in the October 25, 2005 judgment and remanded the matter to the OWC judge with instructions to conduct a hearing “to calculate the precise dollar amount of the penalties due at the statutory rate of 24% of the amounts awarded in the October 25, 2005 judgment.”
 
 Barrios v. Lambar, Inc.,
 
 991 So.2d at 468-469 (Emphasis added).
 

 On remand, the OWC judge awarded Lambar and Ohio Casualty 24% penalties on $193,323.80, fixed as the amount of $46,397.71, as well as legal interest on the
 
 *126
 
 $46,397.71 penalty amount set forth in the original OWC judgment. As appellants correctly note, despite our instructions, the OWC judge failed or refused, however, to calculate and fix the amount of penalties due on Lambert and LIPCA’s “ongoing liability for 50 percent of any further [future] | indemnity and/or medical benefits due under this chapter,” which was also awarded in the October 25, 2005 judgment, and affirmed by this court.
 

 At the May 23, 2008 hearing on remand, counsel for Lambert and LIPCA acknowledged that in addition to the award of $193,323.80, the October 25, 2005 judgment condemned them to pay “half of all future benefits paid by Ohio Casualty.” (Emphasis added). Counsel for Lambert and LIPCA further conceded that “[tjhere was a past amount” and that an “amount had accrued” during the period that the matter was on appeal. Without disclosing the amount paid, if any, by Lambert and LIP-CA on this acknowledged obligation, counsel argued “[w]e [did not] know what that amount was when the First Circuit’s decision was final,” “there was no stipulation as to that amount,” and “[t]hat amount was never agreed upon.” However, counsel’s statements and arguments regarding the absence of a stipulation by the parties as justification or explanation for his clients’ continued refusal to pay are of no moment, given this court’s plain directions and order that the OWC judge fix and determine this amount on remand and calculate penalties accordingly. See
 
 Barrios v. Lambar, Inc.,
 
 991 So.2d at 469. Further, counsel for Lambert and LIPCA (as well as the OWC judge) clearly misread this court’s prior opinion, in particular at 468-469, when stating, “[t]here’s nothing ... in the First Circuit’s judgment about any other funds [other than the award of $193,323.80] ... [t]hey are completely silent with respect to the accrued amounts subsequent to the October 2005 judgment.”
 

 Contrariwise, on remand, counsel for Lambar and Ohio Casualty properly offered and introduced the entire record of these proceedings into evidence at the hearing.
 
 [5]
 
 They additionally filed in the record their proposed calculations of the | (¡penalties and attorney’s fees owed by Lambert and LIPCA on the obligations awarded in the original October 25, 2005 OWC judgment and affirmed by this court on appeal. Despite their introduction of the record and submission of proposed calculations, the OWC judge erroneously declined to calculate and render judgment for these amounts as ordered on remand.
 

 As such, we find the OWC judge erred on remand in failing to calculate and fix the precise amount of penalties due on the ongoing liability of Lambert Construction and LIPCA for one-half of future indemnity and medical benefits, as well as interest on that award as previously instructed by this court.
 
 [6]
 
 Accordingly, we again remand this matter to the OWC judge to calculate the precise dollar amount due at the statutory rate of 24% of the remaining amounts awarded in the October 25, 2005 judgment,
 
 i.e.,
 
 penalties and interest on the awards representing Lambert Construction and LIPCA’s one-half of the continuing obligations for indemnity and medical benefits.
 

 
 *127
 
 With reference to Lambar and Ohio’s request for attorney’s fees in connection with their work on the appeal of this matter, we likewise find merit and award the sum of $5,000.00 for additional work necessitated on appeal.
 

 CONCLUSION
 

 For the above and foregoing reasons, the portion of the June 5, 2008 judgment at issue on appeal herein, awarding Lam-bar, Inc. and Ohio Casualty penalties in the amount of $46,397.71 for Lambert Construction and LIPCA’s failure to pay $193,323.80 within thirty days of the October 25, 2005 judgment, plus legal interest on the penalty sum from May 2, 2007, until paid, is affirmed. This matter is remanded to the OWC judge to conduct a hearing within 14 days of the date that this opinion becomes final to calculate and determine the precise 17amount due as penalties pursuant to LSA-R.S. 23:1201(G) on all untimely paid portions of the October 25, 2005 judgment representing one-half of the continuing obligations for indemnity and medical benefits, as further affirmed and recognized by this court in our prior opinion, as well as judicial interest and penalties on that award.
 

 Judgment is further rendered herein in favor of Lambar, Inc. and Ohio Casualty and against Lambert Construction and Maintenance, Inc. and LIPCA, Inc. in the amount of $5,000.00 as additional attorney’s fees. All costs are assessed against the appellees, Lambert Construction and Maintenance, Inc. and LIPCA, Inc.
 

 RENDERED IN PART; AFFIRMED IN PART; AND REMANDED FOR FURTHER PROCEEDINGS.
 

 HUGHES, J., concurs.
 

 [1]
 

 . For a full appreciation of the protracted procedural history of this case,
 
 see Barrios v. Lambar, Inc.,
 
 2006-0324 (La.App. 1st Cir. 12/28/06), 951 So.2d 323 and
 
 Barrios v. Lambar, Inc.,
 
 2007-2070 (La.App. 1st Cir.5/2/08), 991 So.2d 464.
 

 [2]
 

 . In the May 2, 2007 judgment of the OWC upon which the last appeal was based, Lambert and LIPCA were also deemed liable for legal interest on all amounts awarded in the October 25, 2005 judgment. On remand the OWC calculated and fixed the amount of in
 
 *125
 
 terest owed as $21,752.90, based on the $193,323.80 sum.
 

 [3]
 

 . Lambar and Ohio Casualty contend that detailed payment histories were forwarded to Lambert and LIPCA on January 15, 2007, which showed that a total of medical and indemnity benefits in the amount of $289,647.11 had been paid to Barrios since the October 25, 2005 judgment. Accordingly, Lambar and Ohio Casualty contend that Lambert and LIPCA owed one half of this obligation, be., $144,639.11, which they further contend Lambert and LIPCA paid on or about May 11, 2007. While the amount of this award is not before us in this appeal, if Lambert and LIPCA do, in fact, challenge the amount of their half of the obligation, they may do so before the OWC judge on remand.
 

 [4]
 

 . The October 25, 2005 judgment granted a motion for new trial for the sole purpose of allowing a deposition into evidence. Otherwise, the October 25, 2005 judgment reinstated and incorporated all of the terms of a previous “Final Judgment” rendered July 28, 2005.
 

 [5]
 

 . Although the OWC judge did not allow the introduction of new evidence at the hearing on remand, counsel for Lambar and Ohio Casualty offered into evidence tire record from the original trial and the record from the hearing on the motion for penalties and attorney’s fees.
 

 [6]
 

 . Further, in workers’ compensation cases, interest on penalties is allowed from the date of judicial demand.
 
 Henderson v. New Medico Associates, Inc., 95-0488
 
 (La.App. 1st Cir. 11/9/95), 667 So.2d 1094, 1100,
 
 writ denied,
 
 96-0505 (La.4/8/96), 671 So.2d 338.